No. 120.—H. V. JOHNSON, Governor, plaintiff in error, vs. JAMES B. GODDARD et al. defendants.

[1.] A clerical mistake or omission, in the direction of a scire facias, is amendable.

Scire facias, in Carroll Superior Court. Decision by Judge BULL, December Term, 1855.

This was a scire facias issued on a penal bond, for the appearance of a party charged with crime.

The scire facias was objected to, because it was directed "To the Sheriff of said State, Greeting."

The Solicitor General moved to amend, which the Court refused, and dismissed the scire facias.

To both decisions the Solicitor General excepts.

BLECKLEY, Solicitor General, for plaintiff in error.

By the Court.—LUMPKIN, J. delivering the opinion.

[1.] The Act of 1852 (Pamphlet Laws, 234) requires, that all writs of scire facias shall be directed "to all and singular the Sheriffs of the State of Georgia." Is a direction "to the

Sheriffs of said State" sufficient? And if not, is it amendable?

For myself, I should read the direction in the plural: "to the *Sheriffs* of said State;" and then it would undoubtedly be good. But suppose it be in the singular, "*Sheriff,*" is it amendable?

Mr. *Tidd,* in his work on Practice, remarks, that it had been said that a *scire facias* was not amendable. But he continues, "There are cases in the books where writs of *scire facias* had been amended by the Courts, not only where it was had on the face of it, by *the mistake· of the· Clerk,* but also for other causes." And he concludes by saying, that "it seems now to be settled, that the power of amending writs of *scire facias,* is discretionary with the Courts." (2 *Volume,* 1123.)

The Judiciary Act of 1799 (*Cobb,* 1136) declares, amongst other things, that "no process, judgment *or other proceeding, in any civil cause,* shall be abated, arrested, quashed or reversed for any defect in matter of form, *or for any clerical mistake or omission,* not affecting the real merits of the cause; but the Court, on motion, shall cause the same to be amended, without any additional cost, and shall proceed to give judgment."

And finally, the great Act of *Jeofails* of 1853–'4, (*Pamphlet Laws,* 48,) allows pleadings to be amended at any stage *and in all respects,* whether in matter of form or substance.

Has not the people of Georgia resolved that every cause shall be tried upon its merits? And shall the Courts undertake or struggle further to arrest or obstruct this wise and beneficent policy, inaugurated by the Constitution of 1777, and steadily pursued ever since?

By a Statute of the last Legislature, a party is allowed even to amend his attachment as to the bond, return of the officer, &c. And it is provided in that Act, that the *singular* number shall include the *plural.* (*DeGraffenreid's Dig.* 19, 20.) Shall we, because of the omission of a little "s," if, indeed, it be omitted, force the law-makers to tax their

ingenuity still further, and waste the time and money which might be so much better employed, in putting a stop to quibbling?