BENJAMIN WALKER, plaintiff in error, vs. ISAAC SCOTT, defendant in error.

DANIEL GRANT and BENJAMIN WALKER, plaintiffs in error, vs. The same.

DANIEL GRANT, plaintiff in error, vs. The same.

[1.] Plaintiff's attorney endorsed upon the declaration in the Clerk's office, in vacation, the following entry: "I hereby discharge and dismiss the bail process, and bail sued out at the commencement of the action."
*Held*, That the effect of the entry, was to dismiss the bail process only, and not the suit upon which it was grafted.

[2.] Judgment is entered up against A. as principal, and B. as security on appeal; C. another security being, through inadvertence, *omitted*.
*Held*, That upon a motion to amend the judgment, so as to include C., A. the principal, was not entitled to notice.

In Upson Superior Court. Decision by Judge CABANISS, at May Term, and May adjourned Term, 1859.

These three cases were heard and decided together.

The facts of the cases, are as follows:

In January, 1858, Isaac Scott, of the county of Bibb, instituted his action of assumpsit against James S. Walker, of the county of Upson, on a promissory note, for about nine thousand dollars, returnable to the February Term of the Inferior Court of said county. In this suit, plaintiff's attorney made and filed an affidavit for bail, and defendant was arrested by the Sheriff and executed the ordinary bail bond, conditioned for his appearance at the Term of the Court to which the writ was returnable, and which bond and process was returned to the Clerk's office, and the case entered on the appearance docket. Afterwards, and after the first, or appearance Term, on the 12th April, 1858, the plaintiff's attorney, finding, or conceiving, that said affidavit for bail was

insufficient, made the following entry in the case, to-wit: "I hereby discharge and dismiss the bail process and bail, sued out in the within suit, and taken at the commencement of said suit. April 12th, 1858. James W. Greene, Plff's Att'y. Test: A. T. Shackleford." Said Shackleford was the Clerk of the Court. Immediately thereafter, on the same day, the attorney sued out bail process *pendente lite*, and caused the defendant again to be arrested. At the August Term of said Court, defendant confessed judgment, reserving the right of appeal, and Daniel Grant and Benjamin Walker became his sureties on the appeal bond. At November Term, 1858, of the Superior Court, defendant confessed judgment for the principal and interest due on said note, and cost of suit, and plaintiff's attorney entered up judgment against James S. Walker, the principal, and Daniel Grant, one of the sureties on the appeal, and issued an execution thereon, which was levied by the Sheriff on twelve negroes, the property of Grant.

The following is the note sued on, and upon which judgment was obtained, and execution issued, as above stated, to-wit:

" $9,000. By the twenty-fifth day of December next, we, or either of us, promise to pay A. D. Abrahams or bearer, nine thousand dollars, for value received, with interest from date. This 15th day of May, 1857.

(Signed,)        JAMES S. WALKER,
                 FREEMAN WALKER,
                           per. J S. WALKER, *Att'y.*
                 FRANCES COLEMAN, formerly
        FRANCES WALKER, per J. S. WALKER, *Trustee.*
(Endorsed,) BENJAMIN WALKER."

It further appeared that Scott, the bearer and owner of said note, also brought suit against Benjamin Walker, endorser as above, returnable to the February Term, 1858, of Upson Inferior Court, and recovered judgment by confession, at the August Term thereafter, from which the said Benjamin appealed, and said Daniel Grant became his surety on said

appeal; and afterwards, at the November Term, 1858, of the Superior Court of Upson county, defendant, Benjamin Walker, confessed judgment to plaintiff for the full amount of the principal and interest of said note and cost of suit, upon which judgment was entered and execution issued against the said Benjamin Walker, and Daniel Grant, his surety on said appeal, as provided by law.

Upon this state of facts, all the above cases originate and were adjudicated.

The first case, was illegality taken by Benjamin Walker, to the execution issued on the judgment recovered against him as above stated, upon the following grounds:

1st. Because the judgment on which said execution issued, was founded on a promissory note, of which defendant was accommodation endorser. That plaintiff likewise brought a separate suit against the principal to said note, James S. Walker, and recovered judgment thereon on the appeal, and entered judgment, and took out execution against said James S. Walker, and Daniel Grant, security on said appeal, and which has been levied upon a large number of Grant's negroes, and that the judgment and *fi. fa.* now proceeding against affiant are for the same debt.

2d. Because defendant is released from all liability, on said judgment and *fi. fa.*, on the ground, that being only an accommodation endorser, and plaintiff having sued the principal in a separate suit, and recovered judgment against said principal and his sureties on the appeal, failed to enter the proper and legal judgment therein, by omitting in said judgment one of said sureties, and thereby impairing the rights of defendant in the control of said judgment as endorser as aforesaid.

It was admitted that the party surety omitted in the plaintiff's judgment, was the defendant himself; it was also admitted that Daniel Grant had filed a bill in equity to enjoin the levy and sale of his property under said *fi. fa.*, and praying that said judgment be set aside and vacated. Plain-

tiff introduced this bill and his answer thereto in evidence, and moved that the illegality be dismissed. The Court granted the motion and dismissed the illegality and counsel excepted.

The second case, was a rule *nisi*, taken out by Scott, in the case against James S. Walker, principal, and Daniel Grant and Benjamin Walker sureties on the appeal, calling on defendants to show cause why the said judgment should not be amended or a judgment *nunc pro tunc* should not be entered in favor of plaintiff against all of said defendants in said cause; the judgment and execution having only been entered and issued against James P. Walker, principal, and Grant, one of said sureties, by mistake of the attorney. At the hearing of this rule, counsel for Grant, and Benjamin Walker, objected to the motion, and all further proceedings against them, until James S. Walker was made a party by service or legal notice. The Court overruled the objection, and counsel for Daniel Grant and Benjamin Walker, excepted.

Defendants, Grant and Benjamin Walker, then demurred to the rule, on the ground, that plaintiff sought to quash a legal and binding judgment against James S. Walker and Grant, and to enter a judgment in the same cause, against said James S. Walker, Grant and Benjamin Walker, and thereby to alter and falsify the record. The Court overruled the demurrer and counsel excepted.

The Court then granted the motion to amend said judgment, by inserting therein the name of Benjamin Walker as surety on the appeal. To which decision and order, counsel for Grant and Benjamin Walker excepted.

The third case was, a bill filed by Daniel Grant to enjoin and restrain the Sheriff from proceeding to sell his negroes, levied on as above stated, and to annul, set aside and vacate the judgment aforesaid, against James S. Walker and him-

self only as his surety on appeal. The injunction was granted and issued as prayed for.

Defendant, Scott, answered the bill; afterwards, the bill was amended, alleging that said judgment was not binding or of any force, because said James S. Walker, nor either of defendants in said action at law, was not a citizen of Upson county at the time said action was brought, nor had either of them been at any time since. And further, because, if said Court ever had jurisdiction of the parties defendants in said common law action, it was by the bail process issued, and the same, together with the service thereof, having been dismissed at the instance of plaintiff's attorney, the cause was thereby out of Court, and no writ or process remained in said Court, upon which a judgment could be rendered.

To this amendment, defendant demurred. The Court sustained the demurrer, and dismissed the amendment and complainant excepted.

Defendant then moved to dissolve the injunction, on the following grounds:

1st. Because the Court had upon motion at this Term of the Court, amended the judgment in the matter complained of.

2d. Because since said amendment of said judgment, there is no equity in said bill, and the injunction having performed its office, ought not be continued.

3d. Because there is no equity in the bill, and if any, it is fully denied and sworn off by the answer.

The Court granted the motion, and dissolved the injunction, and counsel for Grant, the complainant, excepted.

SMITH; and HORSELY, for plaintiffs in error.

*By the Court.*—LUMPKIN J. delivering the opinion.

The real points in these three cases are few and simple. Isaac Scott, in the due course of trade, became possessed

of a promissory note, made by James S. Walker, Benjamin Walker and others, for $9,000. He instituted a suit against James S. Walker alone, who confessed judgment thereon and entered an appeal—Benjamin Walker and Daniel Grant becoming securities on the appeal. James S. Walker again confessed judgment on the appeal, and Col. Green, the plaintiff's attorney, entered up judgment against James S. Walker and Daniel Grant, only, one of the securities on the appeal—Col. Green discovering that he had omitted to include Benjamin Walker in the appeal judgment, moved to amend the judgment so as to include Benjamin Walker. This motion was resisted on several grounds. 1st. Because no notice was given to James S. Walker of said motion. This was unnecessary; as principal in the judgment, it was immaterial to him, whether it was enforced against him by Isaac Scott, the plaintiff, or should be paid off and collected by one or both of the securities on the appeal; Benjamin Walker was, in truth, the only person interested in the motion ; for by including him in the judgment, it lessened the liability of Daniel Grant one-half. Of course, I do not refer to the ultimate rights and liabilities of the parties. It is admitted that the two Walkers had notice, for they were represented by Col. Smith, their attorney.

2d. The motion was further resisted on the ground, that Daniel Grant had filed a bill in equity, to vacate the judgment against him and James S. Walker, upon the ground, that the action in which the judgment was rendered, having been commenced by bail process, and the attorney of Scott having in vacation dismissed the bail, the whole case went with it; and that no action could be had in the common law Court until the equity cause was disposed of.

We see no conflict of jurisdiction in this case. This was a motion to amend a common law judgment, and not to enforce the judgment, and did not interfere with the object for which Mr. Grant's bill was filed. To say the most of the matter, if there be a conflict, it is between Judge CABANISS

sitting in equity, and Judge CABANISS presiding at common law. He has disposed of the controversy, as it would seem he might well do to his own satisfaction, and we see no reason for thrusting ourselves into it.

There is but a single question in all these cases, and it is this: does the dismissal of bail process carry out of Court the suit upon which it is grafted?

It is admitted, and correctly, that notwithstanding a suit is commenced by bail, if the bail process cannot be served, it may proceed as an ordinary action. This concedes the whole question. It establishes that the two are not inseparably connected, and this is further demonstrated from the fact, that bail process may be sued out *pendente lite.* And this not only answers the objection to the motion to amend the judgment, but disposes of the ground in the equity cause.

The only new point made in Grant's bill is, that Green, the attorney of Isaac Scott, had, for a consideration paid him by Benjamin Walker, agreed to collect the debt out of him; all of which is flatly denied.

I have not deemed it necessary or profitable, to notice in detail the many minor points made in this record; all of which we hold were properly disposed of by the Court below.

Judgment affirmed.