## MITCHELL *vs.* LONG, executor.

On account of providential cause, Jackson, C. J., did not preside in this case.]

1. If, in entering judgments against an executor, the name of his testator was erroneously stated, generally this would be cured by amendment. (Hall, J.)

2. None of the objections urged by the defendant to allowing the amendment should have been considered, except, perhaps, that relating to process. They may have been good against the enforcement of the judgment, but were not admissible on a motion to amend it. (Hall, J.)

3. Where the process attached to a declaration was not directed, it was not entirely void or equivalent to no process, but was amendable; and a judgment rendered in such case, while it may have been irregular or erroneous, was not void. (Hall, J.)

(a.) The provision in the judiciary act of 1799, that a process issuing in any other manner than therein directed should be null and void, was properly omitted from the Code under more recent legislation. (Hall, J.)

(b.) Section 3490 of the Code, which declares that "void process, or where there is no process or waiver thereof, cannot be amended" must be construed with others *in pari materia*. (Hall, J.)

4. The Chief Justice being absent, on account of providential cause, and Justice Hall being of the opinion stated in the foregoing headnotes, while Justice Blandford is of the opinion that the failure to direct the process, and the non-appearance of the defendant and his failure to answer or defend the suit, renders the entire proceeding void, the judgment is affirmed by a divided court.

January 6, 1885.

Judgments. Administrators and Executors. Amendment. Process. Code. Practice in Supreme Court. Before Judge FORT. Lee Superior Court. March Term, 1885.

Reported in the decision.

,R. HOBBS; C. B. WOOTEN, for plaintiff in error.

R. F. LYON; HAWKINS & HAWKINS, for defendant.

HALL, Justice.

The plaintiff moved to amend a judgment, by changing the name of defendant's testator from H. H. Long to W. H. Long, so as to make it conform to the pleadings in the case.

This motion was served upon the defendant, and he resisted it,

(1.) Because the suit was founded on a written contract made by the defendant after the death of the testator, and without authority of law, as appears by the declaration, upon which no legal judgment could have been rendered against the goods and chattels, etc., of the testator, in the hands of the defendant as his executor, to be administered.

(2.) Because the judgment sought to be amended is dormant, more than seven years. having elapsed from the rendition of the same before any proper execution; that after the expiration of seven years, it is too late to amend the judgment, especially where it is dormant.

(3.) Because the amendment proposed would introduce a new party, who is a stranger to the record, into the judgment, which for that reason is not amendable; and instead of the plaintiff being allowed to amend, the defendant asked that the judgment be set aside, and that he be permitted to set up such defence to the original suit as he might be entitled to under the law for the protection of himself and the legatees under testator's will.

(4.) Because he, as executor of W. H. Long, had fully administered his estate, and had been discharged by proper authority from the further administration of the same before the plaintiff's suit was commenced and before the judgment on the same was rendered.

(5.) Because there was no process to the declaration upon which the judgment was obtained, and there could, therefore, be no legal judgment to amend.

The legatees under the will of W. H. Long sought to intervene, and along with this executor to prevent this judgment from being amended, because, as they allege, testator's estate had been distributed to them before the suit was brought and the judgment rendered; that they had no notice of it, or of the claim upon which it is founded; that, under such distribution, they took possession of the property assigned them, and have since held and claimed and occupied and possessed it as their own for more than four years; that the executor has none of the assets of the estate in his hands that could be reached by the judgment, if amended, and that he is wholly insolvent; that, if amended and made a valid judgment, it would affect only them and their property; that it is not for the debt of their testator, and his property is not chargeable with it; that defendant is no longer the executor of testator, but has been discharged from the trust by proper authority of law; that he was so discharged before the commencement of plaintiff's suit, and that, if the debt was in fact the testator's debt, it is barred as to them. They therefore pray to be made parties to plaintiff's rule. No order appears in the record granting their prayer and making them parties, nor is there anything in it going to show that their application was considered, or that it influenced the judgment awarded on the motion. The court refused the amendment and set aside the judgment, upon the prayer of the defendant. The transcript shows that the judgment was awarded by the court in 1875, and the motion to amend was made in 1883.

1. That the amendment asked is generally allowable, we think is clear. The name of a defendant, inadvertently omitted in entering a judgment, may be inserted by amendment (29 *Ga.*, 392); and if this be so, why may not an incorrect name, inserted by like mistake, be amended, so as to correspond with the pleadings on which the judgment is founded? To ask is to answer the question.

2. None of the objections urged by the defendant to allowing the amendment should have been considered, except, it may be, that relating to process; they may have been good against the enforcement of the judgment, but were not admissible on a motion to amend. 29 *Ga.*, 397.

3. The objection mainly relied on in argument here was that there was no process to the declaration on which the judgment was rendered, and therefore there could be no legal judgment to amend. The record, however, shows that there was a complete process in every respect save one. In this instance, it contained no direction whatever; the direction was wholly omitted. It is now insisted that for this omission the process is void, and is therefore no process.

Upon this assumption, the case was argued here at great length, and with marked ingenuity and abundant learning. The pleadings do not make the precise question argued. It should be plainly specified, and ought not to be disclosed by argument or inference simply. To supply an entire process is one thing; to aid, by amendment, one that is deficient in a single particular is another and quite a different thing. In the former case, there is nothing to amend by; in the latter, there is something  Every court has power to amend and control its process and orders, so as to make them conformable to law and justice, and to amend its own records so as to make them conform to the truth. Code, §206, sub-sec. 6. It is a fundamental principle of the law of amendments that there must be something to amend by (Code, §3479), for how can a thing that has no existance be amended? The difference between

v 74-7

creation and reformation is real and substantial, and is, moreover, self-evident. The cases in which a want of process has been held to render proceedings void, both before and since the adoption of the Code, are numerous 13 *Ga.*, 217; 16 *Id.*, 194; 17 *Id.*, 67; 20 *Id.*, 225; 31 *Id.*, 503; 52 *Id.*, 22.

The judiciary act of 1799, Cobb's Dig., 471, provided in terms that "a process issuing in any other manner than therein directed should be null and void." Before the interposition of the legislature, such process could not be waived, even in writing, nor would appearance and pleading supply its want See cases above cited. Now, the defect is cured either by written waiver, or appearance and pleading. This is so well established that it would be waste of time to cite cases to the point, other than those referred to in Code, §3335 Under this legislation, the codifiers felt authorized to omit from the section of the Code, §3334, prescribing the requisites of process, the provision contained in the judiciary act of 1799, declaring that process issuing otherwise than as directed should be null and void. This provision was purposely omitted, and, as we have seen, for good and sufficient reasons. The power to amend process given in sub-section 6, §206, of the Code, is fully as broad and liberal as that allowed for the amendment of other pleadings. It is true that the Code, §3490, declares that " void process, or where there is no process or waiver thereof, cannot be amended." But this section should be construed with others *in pari materia*, and effect should be given to each and all of the provisions bearing upon the subject. The fact that void process is associated with want of process and the waiver thereof is significant If the rule *noscitur a sociis* is to apply in any case, it should apply in this, and the inference is strong, from the other terms with which it is so closely associated, that a process, in order to be void, in the apprehension of the law-givers, should be equally as inefficient as would be a total want of process or waiver

thereof. Besides, it has been shown that process is to be amended wherever it is necessary to make it conform "to law and justice." The defect in this instance is a mere clerical omission, and even under the judiciary act of 1799, Cobb, 486, it is provided that "no petition, answer, return, process, judgment, or other proceeding in any civil cause, shall be abated, arrested, quashed or reversed, for any defect in matter of form, or for any clerical mistake or omission not affecting the real merits of the cause; but the court, on motion, shall cause the same to be amended, without any additional cost, at the fall term" (the Code changes this limitation as to time, and allows the amendment to be made at any stage of the proceeding), "and shall proceed to give judgment according to the right of the cause and matter of law, as it shall appear to the court, without regard to such imperfections in matter of form, clerical mistake or omission."

It has been said that "judgments are either irregular, erroneous or void. Irregular judgments are such as are entered contrary to the course and practice of the courts; an erroneous judgment is one that is rendered contrary to law; a void judgment is one that has only the semblance of a judgment, as if rendered by a court having no jurisdiction, or against a person who has had no notice to defend his rights." 90 N. C. R., 62. This classification, I think, is accurate and clear. The judgment in this case is founded on an "erroneous process," and for that reason is an erroneous judgment. It cannot be attacked collaterally, but stands until it is reversed or set aside upon a direct proceeding for that purpose.

This court, in 19 *Ga.*, 597, held that a clerical mistake or omission in the direction of a *scire facias* was amendable. Lumpkin, J., delivering the opinion in this case, after noticing a remark by Mr. Tidd, that it had been said that a *scire facias* was not amendable, and the comments of that author on that remark, to the effect that there were cases in the books where such writs had been amended,

not only where it was bad on the face of it by the mistake of the clerk, but for other causes, and after quoting the judiciary act of 1799 and the act of 1853–4, which he characterizes as the great act of *joefails*, because it allows pleadings to be amended at any stage and in all respects, whether in matter of form or substance, proceeds to ask, "Have not the people of Georgia resolved that every cause shall be tried upon its merits? And shall the courts undertake or struggle further to arrest or obstruct this wise and beneficent policy inaugurated in the constitution of 1777, and steadily pursued ever since?" "Shall we," he continues, " because of such omissions, force the law-makers to tax their ingenuity still further, and waste the time and money, which might be so much better employed, in putting a stop to quibbling?" It is admitted that pleadings, as distinguished from process, would be amendable in this particular, but it is insisted that the writ of *scire facias* is not process, but simply pleading. Like other process, it is prepared, issued and signed by the clerk, bears test in the name of the judge, and is directed in the manner pointed out by law; it is the precept that brings the party into court, and is as much the work of the clerk as an ordinary summons; it would, therefore, seem to be process, rather than pleading, if it must be deemed one or the other  In the case cited, it issued upon a judgment to forfeit a recognizance. But whether it be pleading in the strict and technical sense of that term, or merely clerical work, is quite immaterial, since the law of amendment places process upon the same footing with pleading, and the provision as to both is the same. It will scarcely be questioned that a writ of attachment is process, and yet we, in two instances, have allowed the defective and wrong direction of such writs to be amended so as to make them conform to the law. 63 *Ga.*, 227; *Ib.*, 428. The direction of an execution, issuing from the superior court, was, upon motion, ordered to be amended. 69 *Id.*, 533. The industry and research of the very able and

learned counsel who argued this cause have failed to produce a single modern case, either from the courts of England or our sister states, or from our own court, in which it has been held that such a defect in process or pleading was incurable; and the inference is legitimate, if not strong, that the cause of the failure to produce them was the non-existence of such precedents.

This case was argued before two justices only, the Chief Justice being absent from providential cause. The foregoing is an expression of my own views upon this question. My brother Blandford does not concur, but thinks the failure to direct the process, and the non-appearance of the defendant, and his failure to answer or defend the suit, render the entire proceeding void. I think that the judgment should be reversed; he is of a different opinion; and if his conclusion as to the invalidity of the process is correct, it follows that there was no error in the judgment rendered by the superior court. The result of this disagreement is to let that judgment stand.

Judgment affirmed by a divided court.