TINDALL *v.* NISBET, clerk.

LEWIS, J.   1. A receiver who disobeys an order of court, and thereby converts to his own use property in his possession as receiver, may be imprisoned for contempt of court, both for the direct contempt of disobeying the order and for the refusal to restore the property so converted by him.

2. When a receiver has been imprisoned for a refusal to pay to the court money which has been adjudged to be in his possession, the court may at any time in its discretion, either upon its own motion or upon the application of the receiver, inquire into the question of his ability to comply with the order of the court.

3. It does not appear in the present case that the court abused its discretion in refusing to institute an inquiry on the application of the receiver on the question of his present ability to comply with the order of the court requiring him to pay over the money adjudged to be in his possession.

4. It not appearing from anything in the record that the question of the constitutionality of the proceeding under which the receiver was imprisoned was raised in the application now under review, this court will not undertake to pass on such question, notwithstanding it is directly raised on the assignment of error in the bill of exceptions.

*Judgment affirmed.    All the Justices concurring.*

Argued November 4, — Decided November 9, 1901.

Contempt — petition for discharge.    Before Judge Candler. Bibb superior court.    September 28, 1901.

The facts leading up to the imprisonment of the plaintiff in error for contempt of court are fully set forth in the case of *Tindall* v. *Nisbet*, 113 *Ga.* 1114.    It appears that, on the day the judgment of this court in that case was made the judgment of the superior court, counsel for Tindall presented to the judge of the superior court a petition setting forth his inability to pay into court the money which had been adjudged to be in his possession, alleging that he had been sufficiently punished for his acts of contempt, and praying

(1) that he be granted leave to show that he has purged himself of contempt pursuant to the judgment of the court; (2) that the court, after hearing the evidence that the petitioner is able and ready to submit, find and adjudge whether or not he is unable, by reason of his poverty, to pay said amount of money to the clerk of the court, and whether or not he has been sufficiently punished for the acts of contempt adjudged against him; (3) that he be adjudged to have purged himself of contempt, and be discharged; and (4) that R. A. Nisbet, clerk, be required to show cause why the prayers of the petition should not be granted. This petition was filed on August 14, 1901; and on September 27 thereafter the petition was amended by an allegation that the petitioner had been continuously imprisoned in the county jail of Bibb county on his commitment for contempt since August 14, 1901 (the day on which the original petition was filed), a period of 45 days, and that he was then so imprisoned. Upon this petition as amended the court passed the following order: " In my opinion, forty-five days confinement in the common jail of Bibb county is insufficient punishment for an officer of court who, without any legal excuse, wrongfully appropriates to his own use six thousand dollars placed in his custody by the court. To discharge said officer on the ground that he had by such confinement been sufficiently punished for his past contempt in thus appropriating such funds, and for his ever-present and continuing contempt in failing to pay them over to the clerk of the court, would be such an example as would increase the number of such offenses in this State and as such would encourage other officers in like positions to commit similar crimes; and therefore, while I sympathize with the petitioner's family in their distress, and can but be sorry for him, who is doubtless suffering from his confinement, justice demands that his punishment be such as will in some measure atone for his fault, and such as will tend to deter others from the commission of the same in future. I must decline at present to order petitioner's discharge or to grant the rule prayed." To this judgment the petitioner excepted.

*John P. Ross,* for plaintiff.

*N. E. Harris, John I. Hall, Olin J. Wimberly, C. P. Steed* and *Anderson & Grace,* contra.