CRADDOCK *v.* FOSTER, Sheriff.

No. 16725.   July 12, 1949.

*Goldberg & Payton,* for plaintiff.

*Paul Webb, Solicitor-General,* and *William Hall,* for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) We must take the records of the previous litigation and determine therefrom whether the judgment for alimony is void. Her suit was not for divorce, but for alimony only. It alleged his residence was Fulton County. His suit for divorce was subsequently filed in Fulton County though captioned "Georgia, Coweta·County" and alleging the residence of both to be in "said

county," which was admitted in her answer and cross-bill for alimony. Both of these suits were filed in Fulton Superior Court. It will be presumed that process was issued and served, requiring answer to be made to the Superior Court of Fulton County. When called for trial in that court, by consent, the cases were consolidated and tried as one case, and a verdict returned and judgment issued. Where so consolidated, the cases became merged in a single case *(O'Malley* v. *Wilson,* 182 *Ga.* 97 (1), 185 S. E. 109; *Northwest Atlanta Bank* v. *Zec,* 196 *Ga.* 114 (3), 26 S. E. 2d, 183), with all the allegations and prayers of both suits to be determined by the jury. It did not eliminate her separate suit for alimony under the Code, § 30-213, and become merely a suit for divorce or divorce and alimony under § 30-210, where the granting of a divorce was necessary to sustain a verdict for alimony. To so construe the effect of the consolidation, as insisted by the plaintiff in error, would be tantamount to holding that the order of consolidation struck her separate suit for alimony and her cross-bill for alimony. With the issues so consolidated, and her suit for alimony alleging that both were residents of Fulton County, with all the proceedings taking place in Fulton County, and there being no question raised on the trial as to the jurisdiction, it seems clear that the heading of his suit as being "Georgia, Coweta County" was by mere inadvertence, which was an amendable defect and cured by judgment. *Wingate* v. *Gornto,* 147 *Ga.* 192 (1) (93 S. E. 206); *Gamble* v. *Shingler,* 22 *Ga. App.* 608 (1) (96 S. E. 705).

Accordingly, the court records, standing alone, do not show the judgment to be void.

In the habeas corpus hearing there was no other evidence produced seeking to show that either party resided elsewhere than in Fulton County at the time the judgment was rendered.

*Judgment affirmed. All the Justices concur.*