### 36063. EVERETT *v.* McCARY.

Decided February 21, 1956.

*Clinton J. Morgan, Wright, Rogers, Magruder & Hoyt,* for plaintiff in error.

*Clower & Anderson,* contra.

TOWNSEND, J. A void process is not amendable. *Code § 81-1313. Under Code § 24-104 (6), "Every court has power . . . to amend and control its processes and orders, so as to make them conformable to law and justice; and to amend its own records so as to make them conform to the truth." In *Pearson v. Jones,* 18 *Ga. App.* 448 (1 a) (89 S. E. 536) it was held: "An irregularity in the direction of the process of a suit is amendable." In *Georgia*

*Power Co.* v. *Ozburn,* 53 *Ga. App.* 797 (1) (187 S. E. 154) it was held: "The process, not being directed to any officer authorized to serve process in the county of the defendant's residence, was in this respect defective, but the defect was amendable." Counsel for the plaintiff in error, however, contends that since these cases deal with situations wherein the officer to whom process was first directed was the wrong officer, or the officer of the wrong county, they were nevertheless on their face directed to officers of counties where such officers might lawfully serve a process, and were therefore not void processes within the meaning of the statute, but merely voidable, for which reasons such cases are not controlling whereas, here, the process is directed to an officer of another State and thus the document shows on its face the lack of jurisdiction of the court, which it is contended should demand the conclusion that the process is absolutely void and therefore not amendable. To direct process to an officer having no jurisdiction to serve the same is equivalent to directing process to no officer at all. It was held in *Mitchell* v. *Long,* 74 *Ga.* 94 (3) that statutory requirements relating to service of process should be construed in pari materia, and, when this is done, a process directed to no officer at all is not void but irregular and such defect is amendable. This is a vastly different situation from that presented in *Neal-Millard Co.* v. *Owens,* 115 *Ga.* 959 (42 S. E. 266) where the wrong person was named in the process as a *defendant to the action.* The *Mitchell* case, supra, holds (page 98) that the power to amend process given under the authority of Code § 24-104 (6) is fully as broad and liberal as that allowed for the amendment of other pleadings. Laches on the part of the plaintiff in perfecting service may render the writ abortive (*Nail* v. *Popwell,* 32 *Ga. App.* 20, 122 S. E. 632), and cause the court to lose jurisdiction, but it appears from the record here that the petition was filed on September 12, 1955, returnable to the October term, and that on November 4, 1955, at the same term of court, the amendment was allowed and the Secretary of State, as attorney in fact for the defendant under the provisions of Code (Ann. Supp.) Chapter 68-8 relating to service of nonresident operators of motor vehicles in this State, was properly served in accordance with the provisions of Code (Ann. Supp.) § 68-802, and that copy of such petition and process were forwarded by him to the defendant and received by the latter through registered mail.

The trial court did not err in denying the motion to quash the process and dismiss the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*