## 28271. MANN v. MALONE.

ARGUED SEPTEMBER 14, 1973 — DECIDED NOVEMBER 9, 1973.

*Verlyn C. Baker,* for appellant.

*Moore & Morris, W. Grady Morris,* for appellee.

NICHOLS, Justice. ■ On March 8, 1973, the former husband was held in contempt of court for failure to pay child support and permitted to purge himself of such contempt by paying the past due amount in monthly instalments with a provision that if he should fail to make such payments, and upon the former wife filing an affidavit of such noncompliance, the court would issue an order for his immediate arrest and incarceration until he shall purge himself of such contempt. On April 16, 1973, the former wife filed such an affidavit and on April 17, 1973, the order for his arrest was filed, and on May 3, 1973, he was placed under arrest upon such order.

Under such circumstances, the order of the trial court setting a further hearing on such matter without the former husband filing any additional written pleadings on such issue does not constitute reversible error, because the court, upon its own motion, is authorized to determine whether the former husband should be released from jail (compare *Poole v. Wright,* 188 Ga. 255 (3 SE2d 731); *Tindall v. Nisbet,* 114 Ga. 224 (2) (39 SE 849)); and the record does not disclose that the trial court was disqualified from hearing the issue for any cause set forth in Code Ann. § 24-102. See also *Elder v. Camp,* 193 Ga. 320 (18 SE2d 622); *Jones v. State,* 219 Ga. 848 (136 SE2d 358); *Stevenson v. Stevenson,* 222 Ga. 47, 50 (148 SE2d 388).

■ The fifth enumeration of error complains of the admission of evidence, but fails to set forth or cite any objection made to such testimony upon the trial of the case. This enumeration of error is without merit.

■ The judgment of March 8, 1973, found the former husband to be in arrears in the payment of child support in the amount of $6,675. The judgment here appealed from relieved him of the payment of all child support due prior to August 31, 1972, because of an agreement dated that day and signed by the former wife. The judgment of March 8, 1973, included amounts due prior to August

31, 1972. No transcript of the hearing which resulted in the judgment of March 8, 1973, is before the court and it is impossible to determine if the question presented by such written agreement was before the court at such hearing, but it could have been and, if relevant, should have been.

In *Stewart v. Stewart,* 217 Ga. 509 (123 SE2d 547), it was held: "When alimony is awarded for the support of minor children, the mother acquires no interest in the funds, and when they are paid to her she is a mere trustee charged with the duty of seeing that they are applied solely for the benefit of the children. She can not consent to a reduction or remission of the alimony, and ordinarily her conduct can not relieve the father of paying the same as directed by the court. *Brown v. Brown,* 210 Ga. 233 (78 SE2d 516); *Varble v. Hughes,* 205 Ga. 29 (52 SE2d 303); *Glaze v. Strength,* 186 Ga. 613 (198 SE 721)."

While the question of whether the former husband was in wilful contempt of court for the failure to make the payments required by the original decree ordering child support payments, any attempt to exonerate the husband for payment due prior to the hearing which resulted in the decree of March 8, 1973, was res judicata and even assuming that such agreement would have released the former husband, it could now be contended that a paper signed by the former wife on August 31, 1972, relieved the former husband of the amount due as child support. That part of the present order which purported to relieve the former husband of any obligation to make past due child support payments which accrued prior to August 31, 1972, must be reversed.

■ Assuming but not deciding that there was not sufficient evidence presented in support of the former husband's petition in the nature of habeas corpus to support a finding as to change the custody and visitation privileges of the couple's minor children, yet the former wife cannot complain where the net effect of the change made was to restrict, not broaden, the husband's visitation privileges.

■ Under decisions exemplified by *Kettel v. Comstock,* 219 Ga. 161 (132 SE2d 77); *Perry v. Perry,* 212 Ga. 668 (1) (95 SE2d 2), and similar cases, once custody of minor children has been awarded in a divorce case, the court cannot retain jurisdiction to decide in the future that such custody will be changed. The same rule is applicable to actions in the nature of habeas corpus seeking to change custody of minor children. *Brown v. Goodloe,* 215 Ga. 755 (113 SE2d 393). Accordingly, that part of the final judgment

complained of in this case seeking to retain jurisdiction over the custody of the couple's minor children is surplusage and upon the return of the remittitur to that court, direction is given that the proviso therein granting permanent custody conditionally and attempting to retain jurisdiction as to such issue be stricken.

For the foregoing reasons the judgment of the trial court is reversed with direction that the proviso exonerating the former husband from past due child support payments and granting the permanent custody of the children and attempting to retain jurisdiction over the custody of the children be stricken.

*Judgment reversed with direction. All the Justices concur.*