## 31755. WILKINS v. STYNCHCOMBE.

PER CURIAM.

This appeal is from an order entered in Fulton Superior Court denying habeas corpus relief to the appellant who is incarcerated in the Fulton County jail under a prior contempt order issued from that court because of appellant's failure to pay an arrearage of alimony and child support.

The contempt order provides that appellant may purge himself and secure release from confinement by paying the sums found past due in the order. No appeal was taken from that order and appellant does not contend that the order is void. Instead, it is argued that appellant has shown in the habeas trial court that he is unable to pay the sums which he was ordered to pay in the earlier contempt order.

We have no choice except to affirm the habeas trial court's order denying relief, as appellant is being confined pursuant to a prior unappealed contempt order in Fulton Superior Court. Appellant has not shown in this case that his present restraint is unlawful. See *McKay v. Balkcom,* 203 Ga. 790 (1) (48 SE2d 453) (1948); and *Craddock v. Foster,* 205 Ga. 534 (54 SE2d 406) (1949). His best hope for release, short of paying the arrearage, appears to lie in seeking appropriate relief in the court which issued the contempt order. See *Poole v. Wright,* 188 Ga. 255 (2, 3) (3 SE2d 731) (1939); and *Mann v. Malone,* 231 Ga. 397 (1) (202 SE2d 63) (1973).

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs specially.*

SUBMITTED JANUARY 10, 1977 — DECIDED JANUARY 28, 1977 — REHEARING DENIED FEBRUARY 8, 1977.

*Stanley H. Nylen,* for appellant.

HILL, Justice, concurring specially.

I concur specially in the judgment of the court. I do so however not upon the authority of prior decisions of this court but upon the authority of § 50-116 (5) of the Code of Georgia, which provides that: "No person shall be

discharged upon the hearing of a writ of habeas corpus in the following cases, to-wit: . . . (5) where the party is in custody for a contempt of court, and the court has not exceeded its jurisdiction in the length of the imprisonment imposed."