## 41192. MINCEY et al. v. STAMPER.

(319 SE2d 857)

MARSHALL, Presiding Justice.

On October 18, 1982, the plaintiffs-appellants filed in the Superior Court of Screven County a petition to remove a cloud from the title to real property in Screven County. By an accompanying letter, counsel for the plaintiffs notified the superior-court clerk that, since the defendant was a nonresident, he would be served by publication (as authorized by OCGA § 9-10-71 (a) (1)), arrangements for which had been made. The petition had a caption which included the name of the county and state, the title of the action, the file number and a designation, i.e., "Petition to remove cloud from title," but the name of the court to which the petition was addressed appeared in neither the caption nor the body of the petition. The petition also had no summons attached to it. Counsel for the defendant-appellee was served with a copy of the petition by mail; counsel for both parties had been engaged in preliminary negotiations concerning this case.

On October 21, 1982, a copy of the petition was published by error in "The Sylvania Telephone." On November 12, 1982, the defendant filed in Screven Superior Court an answer and a motion to dismiss on the grounds that the petition was not addressed to any court and that no summons had been issued and served on him. On November 15, 1982, the plaintiffs filed an amendment, which still failed to name the court to which the petition was addressed, but contained the affidavit, notice of summons, certificate of the clerk, the sheriff's return, and the judge's order, which were required to authorize publication of the summons and which were allegedly originally omitted from the original petition by inadvertence. Notice of summons, including the name of the court, was published commencing on November 25, 1982.

Over the next 18 months, counsel for the appellants and the appellee attended several motion hearings, and at each hearing, reference was made to the record to clear up any problem concerning notice. Thinking that this matter had been resolved, the appellants filed a motion to compel discovery and a motion for summary judgment. At the hearing on the motion to compel discovery, the appellants' counsel presented evidence to support that motion, whereas the appellee's counsel renewed his argument on his motion to dismiss.

Counsel for the appellants referred the trial judge to the record to resolve this recurring problem. Without referring to the record, the judge summarily dismissed the case from the bench on both grounds of the motion to dismiss, in an order entered on April 9, 1984. The plaintiffs appeal. We reverse.

1. "Every pleading shall contain a caption setting forth *the name of the court* and county, the title of the action, the file number, and a

designation as in subsection (a) of Code Section 9-11-7 . . ." (Emphasis supplied.) OCGA § 9-11-10. "The courts have not attached too much importance to the mere formal parts of a petition, and it has been held that a typographical error in the caption, where the petition, although filed in Fulton County, and obviously intended therefor, inadvertently commenced 'Georgia, Coweta County,' was not subject to demurrer under the former law." 24 EGL 238, Pleading & Practice, § 48, citing *Craddock v. Foster*, 205 Ga. 534 (54 SE2d 406) (1949). Similarly, the failure of counsel to sign a petition is an amendable defect under the Civil Practice Act. *Cobble v. Ford Motor Credit Co.*, 129 Ga. App. 210 (199 SE2d 392) (1973). Where a petition was addressed to the *wrong* court (which was without jurisdiction of the subject matter), but was never filed in that court, but instead filed in the correct court, which passed an order requiring service of the petition and an appearance of the defendant before it, the misdirection of the address of the court was an amendable defect, which was cured by the judgment. *Wingate v. Gornto*, 147 Ga. 192, 194 (1) (93 SE 206) (1917). The same result has been reached when the petition has been addressed to *no* court. *Lamb v. Lamb*, 169 Ga. 567 (1) (150 SE 817) (1929); *Stone v. Colonial Credit Co.*, 93 Ga. App. 348 (4) (91 SE2d 835) (1956).

Even under the law prior to the enactment of the Civil Practice Act, it was held that "[s]tatutes allowing amendments are beneficial and are to be liberally and broadly construed." *Southern Grocery Stores v. Kelly*, 52 Ga. App. 551, 552 (2) (183 SE 924) (1936). "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." OCGA § 9-11-15 (a). In contrast to the former pleading statutes, whereunder the pleadings were construed *against* the pleader, pleadings are now to be "so construed as to do substantial justice," OCGA § 9-11-8 (f), so that it is "allowed and required that decisions be made on the merits and not upon the niceties of pleadings." *Owens v. Cobb County*, 230 Ga. 707, 708 (198 SE2d 846) (1973); *Johnson v. Johnson*, 240 Ga. 21, 23 (239 SE2d 346) (1977). "Every court has power: . . . To amend and control its processes and orders, so as to make them conformable to law and justice, and to amend its own records, so as to make them conform to the truth." OCGA § 15-1-3 (6).

Accordingly, the failure to address the petition to a specific court was an amendable defect, and, although the original petition was never formally amended to cure this defect, we hold that it was not a ground for dismissal where the defendant admitted service of the petition and answered the petition in the correct (superior) court.

2. Service of process is required under OCGA § 9-11-4. In this action to remove a cloud from the title to real property, the plaintiffs undertook to have the petition served on the defendant by publica-

tion, as permitted by OCGA § 9-10-71 (a). The plaintiffs, being aware that the first attempted summons by publication was defective as premature, amended their petition by supplying the requisite documents for valid service of process. "At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." OCGA § 9-11-4 (h).

In *Tyree v. Jackson*, 226 Ga. 690 (1) (177 SE2d 160) (1970), this court held that the fact that no proper process was attached to the original complaint and served upon the defendant did not subject the complaint to being dismissed where the order attached to the complaint was substantially a writ of habeas corpus, constituting a rule nisi to produce the body of the minor, which can, under the Civil Practice Act, be used in lieu of summons, since, under what is now OCGA § 9-11-4 ( j), the methods of service prescribed in the statute are cumulative and may be utilized with, after, or independently of other methods of service. On page 693, the court continued as follows: "Accordingly, where it is clear that the defendant has been served, has appeared and has been heard on the merits of the controversy, the proceeding should not be vitiated by objections going merely to the form of process . . . The purpose of process and service is to bring the defendant into court. [Cits.] The object of service on the defendant is to afford him notice of the pendency of the proceeding and to afford him an opportunity to appear and to be heard. One of the purposes of the Civil Practice Act of 1965 was to minimize those situations in which an action abated on account of the niceties of technical rules of practice and procedure. Under the former procedure it was undoubtedly true that in the absence of process or a written waiver thereof no suit could be maintained. But, even under that procedure, it was recognized that where regular process would not suffice to accomplish the purpose of bringing the defendant into court within the time specified by the law applicable to the case that [sic] a rule nisi or other process signed by the court fixing a different time was permissible."

In *Everett v. McCary*, 93 Ga. App. 474, 476 (92 SE2d 112) (1956), a pre-CPA case, that court held that "the power to amend process given under the authority of Code § 24-104 (6) [OCGA § 15-1-3 (6)] is fully as broad and liberal as that allowed for the amendment of other pleadings. Laches on the part of the plaintiff in perfecting service may render the writ abortive [cit.], and cause the court to lose jurisdiction," but that it appeared from the record there that there was no laches where the amended process was filed within the same term of court as the defective process and the amended process was served on the defendant through registered mail.

In the instant case, counsel for the defendant admits that he was served with a copy of the original petition. Three days after the filing of the original petition, notice of the action, though defective, was published. Less than a month after the filing of the original petition, and within the same term of court, the defendant answered the petition and the amendment was allowed, pursuant to which valid publication of summons was effected. This did not constitute laches, nor did it clearly appear that material prejudice resulted to the substantial rights of the party against whom the process issued. Accordingly, the trial court erroneously dismissed the petition on the ground that no summons had been issued and served on the defendant, as well as the ground that the petition was not addressed to any court (as held in Div. 1, hereinabove).

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 6, 1984 —
REHEARING DENIED SEPTEMBER 25, 1984.

*Downs & Bell, Charles W. Bell,* for appellants.
*Harry H. Hunter,* for appellee.