*John E. Pirkle,* for appellee.

### 46597. COX v. BALLARD.
(377 SE2d 842)

CLARKE, Presiding Justice.

This is an appeal from the denial of a writ of habeas corpus. Appellant Joe Cox is incarcerated under a contempt order because of his failure to pay amounts due under the terms of a divorce decree. We affirm.

The contempt order provides that Mr. Cox may purge himself and secure release by paying the amount found due in the order. Mr. Cox did not seek to appeal the contempt order. Instead, he filed a petition for a writ of habeas corpus.

In this appeal Mr. Cox raises several issues relating to the merits of the initial contempt order. These cannot be reached. Because he did not appeal the initial contempt order, the only matters of state law that could be reached in this action are (1) whether the initial contempt order is void (as for lack of jurisdiction); and (2) whether his current or continued restraint is unlawful. *Wilkins v. Stynchcombe,* 238 Ga. 306 (232 SE2d 564) (1977). Mr. Cox does not raise either of these issues.

To the extent that the petition seeks to raise constitutional issues relating to error in the contempt proceedings, we hold that the reasoning of *Valenzuela v. Newsome,* 253 Ga. 793 (325 SE2d 370) (1985), applies here. The analysis set forth in *Valenzuela* is pertinent notwithstanding that *Valenzuela* construed OCGA § 9-14-42, which relates to post-conviction habeas cases. Thus, Mr. Cox is barred from raising for the first time in a petition for habeas corpus any claim that could have been raised in the trial court and on appeal, unless he can demonstrate adequate cause for failing to assert the claim and resulting prejudice. If "cause" and "prejudice" are not shown, a claim may be adjudicated for the first time by a habeas court only if a miscarriage of justice would result from the procedural bar. Id. None of these matters are raised or addressed in this appeal.

In sum, Mr. Cox's best hope for release, short of paying the money he owes, lies in seeking relief from the court that issued the contempt order. *Wilkins,* supra; *Tolleson v. Greene,* 83 Ga. 499 (10 SE 120) (1889).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 6, 1989.

*Russell L. Adkins, Jr.,* for appellant.

*Shriver & Earl, Mark O. Shriver,* for appellee.