S03A1787. SIMS v. MILLER.
(592 SE2d 77)

FLETCHER, Chief Justice.

Randall R. Sims, Jr. was held in contempt when he ceased child support payments upon the 18th birthday of his child. This Court granted his application to appeal, and we now reverse.

Sims ("Father") and Shelia Miller ("Mother") were divorced in 1991. Mother was given custody of the couple's two sons, and Father was ordered to pay child support of $600 per month when the parties had two dependents and $375 when they had one dependent. The parties' oldest child turned 18 on October 6, 2001. In November 2001, Mother sought an upward modification of child support based on a substantial increase in Father's income, and also sought to hold Father in contempt for failure to maintain insurance coverage for the child. The parties negotiated a temporary settlement, and pursuant to that agreement, the trial court issued a "temporary order" requiring Father to pay $1,034 per month as child support beginning in June 2002 "and continuing until further order of this Court." The order also found Father in wilful contempt, but allowed him to purge the contempt by the immediate reimbursement of insurance premiums. On February 13, 2003, Father filed a motion to reduce temporary child support to zero on the ground that the parties' youngest child turned 18 on February 11, 2003. Father also stopped paying child support on that date. Mother sought contempt based on the fact that Father stopped paying child support prior to a further order of the court.

In May 2003, the trial court eliminated Father's child support obligation, but, after a hearing, found that Father had voluntarily agreed to continue support for the child beyond his 18th birthday "until further order of the Court." Therefore, the trial court found Father in contempt for failing to pay the child support mandated by the June 2002 order and directed that he pay back support of $3,021 for the months of February, March and May, when the "further order of the Court" was entered.

In 1991, when the original divorce decree was entered, Georgia

law provided that child support ended upon the child reaching the age of 18.[1] Nevertheless, a parent could voluntarily contract to extend child support payments beyond age 18.[2] In *Anderson v. Powell*,[3] this Court held that a contract extending child support payments had to state in specific language that support would continue beyond the age of majority.

The parties' agreement, as contained in the trial court's order, does not contain clear language specifying that Father was obligated for support beyond the age of 18. Instead, it says only that it is a temporary order and requires support payments until further order of the court. The absence of precise language in the trial court's order approving the parties' settlement means that Father was entitled to cease child support payments when the statutory duty to pay support ended on the child's 18th birthday. Because Father was not required to pay child support past his son's 18th birthday, the trial court erred in holding him in contempt and directing that he pay the three months back support.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 20, 2004.

*Bryan P. Hilton,* for appellant.
*Donovan Chambers, Donald R. Donovan,* for appellee.

---

[1] See *Honey v. Honey,* 263 Ga. 722 (438 SE2d 87) (1994). Compare OCGA § 19-6-15 (e) (for post-July 1, 1992 divorce judgments trial court may order child support beyond age 18 in some circumstances).

[2] *McClain v. McClain,* 235 Ga. 659 (221 SE2d 561) (1975).

[3] 235 Ga. 738, 740 (221 SE2d 565) (1975).