### S09A0068. WALKER v. CONWAY.
(673 SE2d 231)

CARLEY, Justice.
The Georgia Department of Human Resources filed a petition for contempt against David Walker for failure to pay court-ordered child support. After a hearing, the trial court found that Walker is in wilful contempt of the order that he pay child support, with an arrearage in the amount of $84,175. The trial court ordered that Walker be incarcerated until he purges himself of the contempt by paying $30,000. Walker did not appeal from that contempt order, and instead filed a petition for writ of habeas corpus. After an evidentiary hearing, the habeas court denied the petition. Walker appeals from that order of denial.

> Because he did not appeal the initial contempt order, the only matters of state law that could be reached in this action are (1) whether the initial contempt order is void (as for lack of jurisdiction); and (2) whether his current or continued restraint is unlawful. [Cit.]

*Cox v. Ballard*, 259 Ga. 176 (377 SE2d 842) (1989). However, Walker has failed to raise either of these issues in his brief, which does not contain any enumerated errors, argument, citation of legal authority, reference to the record, or specific request for relief.
To the extent that Walker's brief could be construed as a claim that he is unable to pay the amount required by the contempt order, such a claim is not grounds for reversal of the habeas ruling, "as

appellant is being confined pursuant to a prior unappealed contempt order in [Gwinnett] Superior Court." *Wilkins v. Stynchcombe*, 238 Ga. 306 (232 SE2d 564) (1977). Moreover, in any event such a claim is not supported by any evidence in the record. Indeed, "the [habeas] hearing was not transcribed and, in the absence of a transcript of the evidence, we must presume that the evidence supports the judge's findings. [Cit.]" *Blue v. Blue*, 279 Ga. 550 (1) (615 SE2d 540) (2005). Because Walker has not shown that the initial contempt order is void or that the restraint is unlawful, the habeas court's order denying relief must be affirmed. See *Wilkins v. Stynchcombe*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 9, 2009.

David B. Walker, *pro se.*

*Charles G. Shrake, Scott J. Fuller, Karen G. Thomas, Melinda K. Wells, Thurbert E. Baker,* Attorney General, *Mark J. Cicero,* Assistant Attorney General, for appellee.