## S13A0009. GOODELL v. OLIVER.

(740 SE2d 170)

MELTON, Justice.

Michael J. Goodell (Husband) and Kelly Goodell (Wife) were married on June 29, 1999. They both had children from previous marriages, but they do not have any children together. On August 14, 2006, the Goodells were divorced by a Final Judgment and Decree which incorporated a settlement agreement. Pursuant to this decree, Husband was required to pay alimony to Wife until her remarriage. Husband also voluntarily agreed to make the following payments for the benefit of Wife's two children *after* Wife's remarriage:

> A sum to be paid by Husband to Wife, of $1,200.00 per month, the first such payment being due on the first (1st) day of the month next following the remarriage of the Wife, each succeeding payment being due on the first (1st) day of each succeeding month thereafter, and the last such payment being due August 1, 2012, if [A. W.] is not then enrolled as a full time high school student, or an applicant or accepted for admission to post-secondary education. . . . A sum to be paid by Husband to Wife, of $1,200.00 per month, the first such payment being due on the first (1st) day of the month next following the remarriage of the Wife, each succeeding payment being due on the first (1st) day of each succeeding month thereafter, and the last such payment being due August 1, 2015, if [B. W.] is not then enrolled as a full time high school student, or an applicant or accepted for admission to post-secondary education.

Wife remarried in October of 2008, triggering these payments. Husband made the payments until Wife died in December of 2009, but then stopped.

Thereafter, Mary Margaret Oliver, in her capacity as the administrator of Wife's estate, filed a contempt action against Husband for non-payment. Husband argued that he should not be required to continue the payments after Wife's death, contending that they constituted periodic alimony. Wife's estate countered that the payments were part of the property division in the divorce and, as such, the obligation survived Wife's death. The trial court agreed with Wife's estate, finding that the payments constituted a division of property. This Court thereafter granted Husband's application for a discretionary appeal.

Contrary to the arguments of the parties, the contested payments fall under neither the standard category of alimony or property

division. Here, the payments in question began on Wife's remarriage, a point in time when alimony traditionally stops. Furthermore, the payments appear to be intended for the support and schooling of Wife's children, not for Wife, herself. On the other hand, the payments also do not appear to fall under the concept of property division. The payments are wholly contingent; there was no guarantee that they would ever be required, and, even if they were, their timing and amount remained uncertain.

Nonetheless, the payments do appear to be a voluntary contractual obligation agreed upon by Husband for the benefit of Wife's children. In divorce matters, settlement agreements are construed in the same manner and with the same rules of construction as other contractual agreements. *Cousins v. Cousins*, 253 Ga. 301 (1) (315 SE2d 420) (1984). This Court has previously held that parties may voluntarily contract to continue child support payments beyond the age of eighteen, even though these payments are not required by law. See, e.g., *Sims v. Miller*, 277 Ga. 531 (592 SE2d 77) (2004). The payments Husband has agreed to make in this case are similar. As voluntary contractual obligations, these payments remain Husband's responsibility following Wife's death. Therefore, we uphold the trial court's holding based on the principle that a trial court's decision will be affirmed if it is right for any reason. See *Schwartz v. Schwartz*, 275 Ga. 107, 109 (1), n. 5 (561 SE2d 96) (2002) (this Court will affirm judgment of lower court if right for any reason, even if it is based on erroneous reasoning).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 18, 2013.

*David P. Hartin*, for appellant.
*Richard A. Gordon*, for appellee.