**SEDAM, Plaintiff-Appellant, v SEDAM, Defendant-Appellee.**

Ohio Appeals, Second District, Greene County.

No. 504.   Decided March 31, 1948.

William A. Swaney, Dayton, for plaintiff-appellant.
Marcus Shoup, Xenia, for defendant-appellee.

## OPINION

By MILLER, J.:

On October 7, 1939, the plaintiff filed his petition for divorce alleging gross neglect of duty and extreme cruelty. The defendant filed an answer and cross-petition in which she prayed for separate maintenance and sufficient alimony and support for herself and children.   Upon the issues joined the Court found that the defendant had been guilty of extreme cruelty and by reason thereof awarded a divorce to the plaintiff.   With reference to the support for herself and children the judgment entry filed March 14, 1940, provides:

"The Court further finds that the parties to this action have a daughter named, Nina Sedam, who has been living with her mother and who is, by reason of being mentally incompetent, although having never been declared the same officially, and will continue to be unable to support herself by reason of said fact; that said daughter is better off staying with her mother than with anybody else, and the court further finds that the plaintiff has voluntarily agreed to continue to pay the sum of fifty dollars per month for the support of the daughter, Nina Sedam, who is in the care and charge of her mother and the court does hereby approve said agreement of the plaintiff to pay said sum of Fifty ($50.00) Dollars per month for the support of said girl, Nina Sedam.

It is therefore, ordered, adjudged, and decreed ·by the court that the plaintiff, Harry W. Sedam, shall pay the sum of Fifty ($50.00) Dollars each month for the support of his daughter, Nina Sedam in accordance with plaintiff's agreement herein approved by the court, and that same be paid to the Montgomery County Humane Society of Dayton, Ohio."

On September 1, 1946, the plaintiff filed a motion to vacate the former order as far as it related to the support of the daughter, Nina Sedam. In support of the motion the plaintiff offered an agreed statement of facts which provides in part as follows:

"The said Nina Sedam is an adult daughter and was thirty-three years of age on March 14, 1940 and is still living, the said Nina Sedam has never been found by any court to be mentally incompetent or in any other way unable to take care of herself and no guardian whatsoever has ever been appointed. The plaintiff, Harry W. Sedam, never signed any agreement with the defendant, Alta I. Sedam, or any one else to pay fifty dollars a month for the said Nina Sedam and the information came as a statement made by Harry W. Sedam either personally in open court or by counsel for Harry W. Sedam in court."

The motion to vacate was overruled and it is from this order that the appeal is being prosecuted on questions of law.

Counsel for the appellee concedes that the law in this state does not require a parent to support an adult child and accordingly that an order so made in a divorce action is unenforceable. However, it is urged that by the terms of the agreement contained in the divorce decree, the plaintiff is liable for the stipulated payments. Appellee seems to rely

strongly upon the case of **Brunswick v The First Central Trust Company, 66 Oh Ap 242,** where it is stated at page 244:

"After an investigation of the cases dealing with this subject—some of which in Ohio are **Thiessen v Moore, 105 Oh St, 401,** 137 N. E. 906; **Becker v Industrial Commission, 137 Oh St, 139,** 28 N. E. (2d) 361; **Heckert v Heckert, 57 Oh Ap, 421,** 14 N. E. (2d), 428; and **Blake v Blake, 20 Abs, 3;** also **30 O. Jur.,** Parent and Child, Section 52, **p. 604**—we have reached the conclusion that, while, under the circumstances here present, there is a moral obligation upon a father to support his adult incompetent child, there is no enforceable legal responsibility upon him so to do, in the absence of a promise to that effect, express or implied; and where the mother of such child voluntarily furnishes such support, makes no demand upon the father for reimbursement therefor, and has no express agreement with the father concerning such support, and where the parents have been divorced, under circumstances as hereinabove set forth, the mother, under the circumstances of this case, as a matter of law cannot recover the amount spent for such support, in a suit therefor against the estate of the deceased father.

The rule announced is a harsh one, but it is in accord with what we understand is required by the statutory law of this, state, and the pronouncements of the Supreme Court of Ohio. If the rule is to be otherwise, that is a matter to be accomplished by legislative action, rather than by judicial legislation."

It will be noted that the Court here infers that when such an agreement is entered into by the parents of an incompetent adult child the same is valid and will be enforceable. We are in full accord with this legal principle and since the decree recites such an agreement the appellant is bound by its provisions. In **Metzger v Metzger, 7 Abs 115,** the Court held that an order relating to alimony and custody of child in accordance with a contract of the parents, approved by the Court, is not subject to modification in the absence of fraud or mistake. At page 115, Richards, J., says:

"The entire matter having been adjusted by contract between the parties and approved by the Court, was not subject to modification in the absence of fraud or mistake, as has frequently been held by the Supreme Court and by this Court."

It is likewise held in Henderson v Henderson, 37 Ore. 141, 48 L. R. A. 766, that a separation agreement incorporated in

a divorce decree cannot be modified or vacated in the absence of fraud or mistake.

In the case of **Petersine v Thomas, 28 Oh St, 596,** syllabi 1 and 2 provide:

"1. When a matter is finally determined in an action between the same parties by a competent tribunal, it is to be considered at an end, not only as to what was determined, but also as to every other question which the parties might have litigated in the case.

"2. After a suit for divorce and alimony has been finally determined by the court granting the divorce, and in lieu of alimony confirming an executed agreement as to the amount paid as alimony, a new action for additional alimony can not be maintained when the reasons for such additional allowance existed or might have been provided for in such final judgment, and when it is not sought to impeach such final judgment."

The Court was one of general jurisdiction with full power to adjudicate all of the rights of these parties. It was competent for the appellant to consent to such a decree and having done so it must remain forever binding upon him.

We find no error in the record, and the judgment is affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.