## HARTLINE, Plaintiff, v. HARTLINE, Defendant.

Common Pleas Court, Summit County.

No. 177177.   Decided January 25, 1955.

William R. McClenathen, Akron, for plaintiff.
Bernard J. Roetzel, Akron, for defendant.

## OPINION

By EMMONS, J.

This matter is before the Court on a motion for contempt by the plaintiff for failing to pay support money as agreed upon by the plaintiff and ordered by the Court, as well as a motion to reduce the unpaid monthly support moneys to a lump sum judgment, and also a motion for modification of the agreement entered into by and between the plaintiff and defendant, which agreement was made a part of the divorce decree and provided for the support of Ronnie Lloyd Hartline in the sum of $50 per month.

The facts of the case are as follows: The plaintiff and defendant were married in 1942, and some four years later the parties not being able to have children, the defendant went to Texas and procured a baby boy by having the mother of said child register in the hospital under the defendant's name and giving the name of the plaintiff as being that of the child's father. The defendant then returned from Texas with the child and lived with the plaintiff for some three and one-half years during

which time the plaintiff supported said child who bore the name of Ronnie Lloyd Hartline and treated him as though he were his own son.

Later the defendant took the child to Texas and shortly thereafter the plaintiff sued the defendant for divorce on the grounds of gross neglect of duty and extreme cruelty, alleging in the petition, which he signed under oath, that the child Ronnie Loyd Hartline was the living issue of said marriage. Upon learning of this divorce case filed against her, the defendant contacted the plaintiff and the two entered into an agreement for alimony and for the support of said child.

At no time during the divorce proceedings before this Court, which was an uncontested one, did the plaintiff make known the fact that the child was not the issue of said marriage.

For some time after the divorce the plaintiff continued to pay the defendant $50 per month for the support of the child. Thereafter he failed to comply with the terms of the agreement and now is in arrears in those payments in the sum of approximately $900, for which amount the defendant prays for a lump sum judgment.

There was no proof by the plaintiff that there was a substantial change in the condition of the parties, **Pellegrino v. Pellegrino, Oh Ap, 36 N. E. 2d 3**, so the questions for the Court's determination are these:

First,—Did the Court have authority to order the plaintiff to support a child, not his own and for which he had no legal obligation to support.

3 A. L. R. 535: "1. General rule. The party at whose instance a judgment is rendered is not entitled, in a collateral proceeding, to contend that the judgment is invalid. Neither want of jurisdiction, defect of procedure, or any other ground of invalidity can be availed of collaterally, by the party who is responsible for the existence of the judgment."

**Julier v. Julier, 62 Oh St 90, Syl. 4, 56 N. E. 661**: "While a decree so rendered in conformity with such agreement remains in force, the parties are estopped to allege or prove that the agreement was void as against public policy."

Justice Williams made the following observation in his finding in the case, supra: "An objection is made to the operation of the decree in question as a bar to the right of dower claimed, on the ground that the agreement on which the decree is founded is an unlawful one; the stipulation looking to an immediate divorce being, it is said, against public policy, and rendering the whole contract void. This objection is not available. The alleged infirmity does not appear in the decree, nor in the record of that case. The agreement, whatever its terms, was merged in the judgment, which, being regular on its face, and, as has been seen, rendered by a court of competent jurisdiction, is supported by the conclusive presumption that every fact necessary to sustain it was properly brought before the court. The judgment cannot be impeached except by a direct proceeding to reverse or annul it. And even in a proceeding of that character the party asserting the illegality of the agreement as a ground of relief would find serious obstacles in the way of obtaining any assistance from the courts. Certainly as long as the decree remains in force the parties to it are estopped from alleging or proving that the agreement was illegal, or disputing its validity."

3 A. L. R. 536, par. 2 of the second column: "The reason or principle on which these decisions rest is not technically the doctrine

of estoppel in the ordinary signification and acceptation of that term. but the principle that a person, having invoked the jurisdiction of a court, and submitted himself thereto, cannot be heard thereafter to question, in a collateral proceeding, the jurisdiction of that court, and claim a nullity of the judgment or decree, the rendition of which he asked."

Bledsoe v. Seaman, 77 Kan. 679, 95 P. 576, 579. The Court said: "People who invoke the action of a court, and, through negligence or falsehood, mislead the court as to the existence of the facts upon which its jurisdiction depends, and obtain a judgment for relief, will not afterwards be heard to deny the validity of such judgment."

**Sedam v. Sedam, Oh Ap,** 78 N. E. 2d 914, Syllabus 2: "Where under provision of agreement incorporated in divorce decree husband agreed to pay for support of parties' adult mentally incompetent daughter in care of wife, husband was bound by its provisions although husband would not have been liable under the law to support daughter, where court rendering decree was one of general jurisdiction with full power to adjudicate rights of the parties."

The Court is not passing on the question of the validity of the custody order but only that of support. It makes no difference whether the agreement entered into by and between the plaintiff and the defendant was a separation agreement or not—as long as it was a contract, mutually agreed upon and supported by a good and sufficient consideration, and later made a part of the Court's decree it was binding upon the parties, whether there was a legal responsibility upon the plaintiff to support the child or not.

Was there consideration to support the contract? In answering this question the Court is cognizant of the fact that the plaintiff, in securing his uncontested divorce, represented both in his petition and in his uncontested trial that the boy was the living issue of himself and the defendant, and that the Court made the order of support only upon insistence of the plaintiff that the agreement be made a part of the decree, and that in the agreement and the decree, which was prepared by the plaintiff's attorney, the boy was again referred to as the son of the parties and the Court was wholly unaware of the truth of the situation, which was concealed by the plaintiff.

Who knows what the agreement would have provided in the way of greater demands by the defendant upon the plaintiff, had it not been for the plaintiff's promise to pay $50 per month for the support of the child, and I believe the Court can accept as a fact the conclusion that a larger alimony settlement would have been demanded. It would also be plausible to assume that the defendant would not have permitted the plaintiff to secure an uncontested divorce but for the promise of support of the child. This is not a contract based on an illegal consideration, nor is it one against public policy, nor one induced by fraud on the part of the defendant or by mistake. The plaintiff knew the facts and he and not the defendant presented them falsely to the Court, he having full and complete knowledge of the true situation. In this instance the plaintiff attempted to lull the defendant into a false sense of security by promising her support of the child and paying this support for some time until the status of both parties had changed (both since remarrying) and then disclaiming any legal responsibility by saying that there was no consideration

to support the contract. The Court is of a contrary opinion, that there was sufficient forbearance on the part of the defendant to cause this contract to be an enforceable one.

To allow the plaintiff relief in this case would be in fact condoning the fraud of the plaintiff and permitting him to obtain a divorce through deceit and then assist him in furthering that fraud by freeing him from his honest obligations. He saw fit to make this situation and he should in good conscience abide by it and if he elects to evade the responsibility, this Court will not extend to him a helping hand.

By reason of the foregoing, the Court is definitely of the opinion that the plaintiff cannot collaterally attack the judgment of the Court, which was given at plaintiff's request; that the contract made a part of the Court's decree was an enforceable one; that there was no proof of fraud on the defendant's part, mistake or substantial change in the parties' conditions, financial or otherwise, and that while the Court is of the opinion that the plaintiff in this action is not guilty of contempt of court, yet the unpaid support money should be reduced to a lump sum judgment, and the motion to modify dismissed.

Journal entry to be prepared to conform to the Court's finding, saving exceptions to both parties.