**DASE, Plaintiff, v. DASE, Defendant.**

Common Pleas Court, Licking County.

No. 43914.   Decided February 11, 1958.

Virginia Weiss, Newark, for plaintiff.
Leonard Zdara, Newark, for defendant.

## OPINION

By HOLTSBERRY, J.

Defendant moves for judgment on the pleadings, contending that the failure of the plaintiff to reply to his affirmative defense of condonation set up in his answer entitles him to such disposition of the case.

Defendant in his brief sets forth authority that when condonation is urged as a defense to an action in divorce, it is an affirmative defense and must be specially pleaded. He further contends that where an answer sets up new matter, a reply is necessary, otherwise the matter set up must be taken as having been admitted by plaintiff.

An examination of the authority cited by defendant leaves the Court with the conclusion that generally such is the law, but is not applicable to the situation herein.

The very nature of a divorce proceeding makes it more than a mere private controversy, since a matter of public policy arises out of the principle that the family relation is the basis of organized society, and should be preserved until such time as it appears to the Court that the legal right to a divorce is established. Therefore, such suits must, in certain instances, be accorded different treatment and consideration than ordinary civil actions.

Divorce in Ohio is a matter regulated entirely by statute. Condonation is a voluntary forgiveness of a matrimonial offense by an aggrieved spouse; for it to be voluntary, there must be knowledge of the offense, freedom of consent, and resumption or continuance of marital relations. (17 O. Jur., 2nd, Section 30, page 686.) The condonation to be effective must not have been induced by fear, intimidation, or fraud, nor secured by trick or artifice. (Rex v. Rex, 39 Oh Ap 295; 9 Abs 338; 177 Northeastern, 527.)

The practical effect of condonation is to prevent a wrong or injury from being afterward asserted as a ground for divorce.

Condonation is conditional upon future good behavior of the offending party, and subsequent repetition of the offense operates to remove the bar of condonation, and revive prior acts as grounds. (Rousey v. Rousey, 7 Abs 467; Kleinberg v. Kleinberg, 22 Abs 658; Amole v. Amole, 71 Abs 111.

In a divorce action there is no such thing as obtaining a divorce without evidence such as may sometimes be accomplished by default in

certain other actions. **Sec. 3105.11 R. C.,** provides that: "A judgment for divorce or for alimony shall not be granted upon the testimony or admissions of a party unsupported by other evidence."

An Ohio divorce action being one provided for by statute and the nature of the action being such that the state or public is necessarily a party, neither technical rules of pleading nor the failure to plead by reply can be considered as admissions to take the place of required proof.

For the reasons stated, the failure to file a reply herein does not constitute an admission of the defense of condonation, and motion for judgment on the pleadings is overruled.