### 23716. GRAY v. GRAY.

CANDLER, Presiding Justice. Mrs. Joyce L. Gray sued James M. Gray for divorce and alimony in DeKalb County and a divorce was granted on March 15, 1957. Prior to the divorce decree and on November 16, 1956, the parties by contract settled the rights of their minor children for support and maintenance. Their contract was approved by the trial judge and was made a part of the final decree. Paragraph 1 of the contract provides: "the said James M. Gray is to pay to Mrs. Joyce L. Gray the sum of $100 per month for the support of the minor children . . . ; and in the event that the said James M. Gray, should receive an increase in his salary, which is approximately $347 per month, then the said payments are to be increased in accordance with the percentage of the increase in salary that the said James M. Gray earns, and in the event of a decrease in salary, he is given the right to decrease the payments percentage-wise, and the said James M. Gray, is to furnish the said Mrs. Joyce L. Gray, with a true and correct account of all salaries earned by him. . ."

On May 4, 1966, Mrs. Gray filed a contempt petition against her former husband which in substances alleges: The defendant complied with the terms of the alimony contract by paying petitioner $100 per month from the date of the divorce decree until 1960 at which time he began to pay the sum of $120 per month and continued to do so until December 1963. From December 1, 1963, he increased the amount of alimony to $125 per month and continued to pay that amount monthly until September 1, 1965. On September 1, 1965, he again

increased the amount to $130 and continued to pay that amount monthly to the date on which this proceeding was filed. The petition further alleges that the defendant is earning at least $625 per month and under the contract should be paying $180.30 monthly instead of $130; that he has consistently failed to pay the correct amount of child support required since the date of the final decree in 1957; that he is under the contract due an amount unknown to petitioner but well known to him; and that, since he has wilfully failed and refused to comply with his contract and the final decree for child support, she is for that reason entitled to a reasonable amount as counsel fees for the filing and prosecution of this proceeding. The defendant orally moved to dismiss the contempt petition on the ground that the original judgment and decree is too indefinite and uncertain to be the basis of an application for contempt. The court sustained his motion and dismissed the petition. The appeal is from that judgment. *Held:*

Where parties separate and by contract, as here, settle the right of their minor children for support and maintenance and such contract is approved by the trial judge and made a part of a final divorce decree, the courts will enforce the contract as made by them. *Coffee v. Coffee,* 101 Ga. 787 (28 SE 977); *Varble v. Hughes,* 205 Ga. 29 (52 SE2d 303); and *Ramsay v. Sims,* 209 Ga. 228, 234 (71 SE2d 639). In the instant case such a contract was made by the parties, it was approved by the court and incorporated in and made a part of the decree divorcing them. The defendant contends that the contract he and his former wife made for the support and maintenance of their minor children is too indefinite and uncertain to be enforced. To this we do not agree. On the basis of the salary Mr. Gray was receiving at the time he and his wife entered into this contract, they agreed he would pay out of such salary $100 per month or 28.82% thereof for the support and maintenance of his minor children and that future payments due by him under the contract would be computed and ascertained on the basis of 28.82% of his monthly salary. The petition alleges that Mr. Gray has not complied with the terms and provisions of his contract and has heretofore and is presently paying a lesser amount monthly than he is obligated to pay thereunder. This being so, the petition should not have been dismissed on the ground that the original judgment and decree

is too indefinite and uncertain to be the basis of an application for contempt.

> *Judgment reversed.   All the Justices concur.*

SUBMITTED OCTOBER 12, 1966—DECIDED OCTOBER 20, 1966.

*Webb, Parker & Ferguson, Herbert B. Zachry,* for appellant. *Wendell C. Lindsey,* for appellee.