491 P.2d 841

*Otto* **RANDOLPH, Appellant,**

v.

**Kathryn Randolph HOWARD, Appellee.**

**No. 2 CA–CIV 1032.**

Court of Appeals of Arizona,
Division 2.

Dec. 16, 1971.

Rehearing Denied Jan. 14, 1972.
Review Denied Feb. 22, 1972.

Lesher & Scruggs, by Edward W. Scruggs, and John A. Wasley, Tucson, for appellant.

A. Alan Hanshaw, and R. Douglas Zirkle, Tucson, for appellee.

HOWARD, Judge.

Appellant in this case challenges the order of the trial court refusing to lower the amount of money that appellant was to pay for his son's college education.

The undisputed facts show that the appellant and appellee were divorced by virtue of a decree of divorce entered on the 17th day of August, 1956. The decree approved the terms of a property settlement agreement entered into between the parties. This settlement agreement provided, *inter alia*, that the appellant " . . . agrees to pay all usual and customary expenditures which may occur in the normal four-year college education of said William Scott Randolph at a school of higher learning selected by said child." The property settlement agreement was approved by the Illinois court and incorporated into the decree.

On March 8, 1971, the appellee filed a petition for order to show cause in the Pima County Superior Court alleging that the minor child of the parties, William Scott Randolph, had been accepted by and decided to attend Wabash College; that the total cost of attending the college was approximately $14,600 for four years and that the defendant had refused to pay for his son's education in said college. The petition asked the court to issue an order to show cause why the defendant should not appear and show cause if any, why he should not pay for the education of his son at Wabash College. Attached to the petition was a copy of the decree of divorce and the property settlement agreement attached as Exhibit "A" thereto.

Appellant, in response to the petition, filed a "Special Appearance and Motion to Quash for Lack of Jurisdiction." A hearing on the defendant's motion and the plaintiff's order to show cause was held on March 22, 1971. There was not a court reporter present at the hearing. The clerk's minutes show that the following took place:

"Scott Howard is sworn, examined and cross-examined.

Pltf's. Exhibit 1, being list of anticipated college expenses, is marked for identification.

The Court takes the matter under advisement."

On March 23, 1971, the court found that Wabash College was the choice of school of the boy and his guardian and ordered that the appellant pay the tuition, room, board, books, activity fees, student health and lab fees, and that the said payments should be made at the time it was required by the college for registration purposes for each semester. A written order pursuant to the minute entry order of the court was entered on April 1, 1971. Appellant appeals presenting the following questions. (1) Whether the trial court properly refused to receive and consider evidence of the comparative cost of attendance at colleges other than Wabash? (2) Whether the trial court should have considered the merits of colleges other than Wabash? in the selection of a college since the parents did not agree? (3) Whether the 26th Amendment deprived the court of jurisdiction to enforce child support payment after child becomes eighteen years of age?

## EVIDENCE OF COST AND RELATIVE MERITS OF OTHER COLLEGES

On a motion for rehearing in the trial court, the court allowed as an offer of proof that part of appellant's motion for rehearing setting forth the cost of sending his son to the universities of Arizona, Illinois and to U.C.L.A. The cost of sending him to these three colleges is substantially less than sending him to Wabash. The court, however, rejected the offer of proof. Appellant now complains that the court

erred in such rejection. In both the state of Arizona and the state of Illinois, a property settlement agreement incorporated into the decree of divorce becomes merged with the decree and is no longer enforceable as an agreement, at least insofar as support and maintenance is concerned, but is enforceable as a decree. Earley v. Earley, 6 Ariz.App. 110, 430 P.2d 456 (1967); Mendenhall v. Mendenhall, 43 Ill.App.2d 294, 193 N.E.2d 207 (1963). The child support provisions of a property settlement agreement incorporated into a decree are subject to modification by the court. Simpson v. Superior Court, 87 Ariz. 350, 351 P.2d 179 (1960); Badertscher v. Badertscher, 10 Ariz.App. 501, 460 P.2d 37 (1969); Brandel v. Brandel, 69 Ill.App.2d 264, 216 N.E.2d 21 (1966). However, before a child support order can be modified there must be a showing of a change of circumstances. Badertscher v. Badertscher, supra. The only grounds offered by the appellant to the trial court for the proposition that the court should look to the merits and expenses of other colleges were (1) appellant has remarried, (2) the other colleges are cheaper and (3) the appellant and appellee are unable to agree as to which college the boy should be sent.

▮ None of these grounds, separately or together, constituted any reason for modification of the decree. Remarriage is not in and of itself a ground for the reduction of support payments. Fought v. Fought, 94 Ariz. 187, 382 P.2d 667 (1963). The Fought case did hold, however, that remarriage was an element to be considered in weighing the equities. However, in the case *sub judice*, we find no equity such as prevailed in *Fought*. It is apparent that the appellant's primary reason for attacking the decree is the feeling that he made a "bad bargain." Appellant should have thought about this before he signed his name to the property settlement agreement. The fact that appellant and appellee are not able to agree on which college the boy should attend is no motive in view of the fact that the property settlement agreement leaves such decision to the minor, and we do not believe that he abused the discretion given to him in the decree by selecting Wabash College. The rejected evidence was irregular and the trial court did not err in refusing its admittance.

## THE 26TH AMENDMENT TO THE U. S. CONSTITUTION

▮ Appellant claims that the 26th Amendment to the U.S. Constitution giving eighteen year-olds the right to vote also terminates his obligation to support his son when he reaches eighteen years of age. We do not find where this issue was raised in the trial court and we would be entirely justified in not considering it on appeal. Weston v. State, 8 Ariz.App. 58, 442 P.2d 881 (1968). Assuming, *arguendo*, that appellant was right in his contention, it would be of no aid to him in this case since he agreed in the property settlement agreement to provide this education and is therefore precluded from such an attack on the decree. *Cf.* Genda v. Superior Court, 103 Ariz. 240, 439 P.2d 811 (1968).

Affirmed.

HATHAWAY and LLOYD FERNANDEZ, Judge of the Superior Court, concur.

Note: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge LLOYD FERNANDEZ was called to sit in his stead and participate in the determination of this decision.