ISTNICK *v.* ISTNICK.

[Cite as Istnick v. Istnick (1973), 37 Ohio Misc. 91.]

(No. DR-50099—Decided November 21, 1973.)

Court of Common Pleas of Stark County.

*Mr. Sherlock Evans,* for paintiff.
*Mr. Paul Brown,* for defendant.

MILLIGAN, J. The defendant-husband and-father moves for a termination of child support as to Daniel, aged 18. He is a high school graduate and enrolled at Bowling Green State University.

The parties were divorced on January 19, 1968, at which time a comprehensive separation agreement was made the order of the court. The agreement grants possessory rights to the family residence to the mother-custodian until "the youngest living child of the parties reaches the age of 21 years . . .". Specifically with respect to support, the agreement recites:

"6. That the husband shall pay to the wife for support of said children, the sum of $125 per month. . .and said payments to continue until the youngest living child reaches the age of 21 years. . .".

Daniel is the youngest living child.

The motion calls into question the application of Senate Bill No. 1, effective January 1, 1974, reducing the age of majority from 21 to 18. The bill calls for over 80 statutes of Ohio to be modified—in most cases, simply striking "21" and inserting "18". The primary change is in R. C. 3109.01, which will then read: "All persons of the age of 18 years or more, who are under no legal disability, are capable of contracting and are of full age for all purposes."

*DOMESTIC RELATIONS CONSIDERATION.* In an eleventh-hour amendment, children receiving support and continuously attending a high school were entitled to continued receipt of such support notwithstanding attainment of age of majority (18). R. C. 3103.03. (An effort to preserve "testator's intent" as to wills and trusts was defeated.)

Within the domestic relations arena, the effect of reduced age of majority to 18 will appear as to prior decrees in four (4) separate ways:

1) A support order "until majority" or other similar language.

2) A support order "until 21" or similar language.

3) A court order approving a separation agreement providing for support "until majority" or other similar language.

4) A court order approving a separation agreement providing for support "until age 21" or other similar language.

*EFFECT WHERE NO SEPARATION AGREE-MENT.* Where the language of the court order fixes support "until majority," after January 1, 1974, such support order—no matter when made—will terminate as to any child who has attained age 18. This conclusion may be drawn as a matter of law and should require no affirmative act by the obligor.

Where the court order fixes support until age 21, the effect of the new legislation is to render such an order, after January 1, 1974, ineffective as to any child who has attained age 18. Divorce and alimony-alone are remedies especially provided by the Legislature, which has the clear right to determine the ground rules for primary relief as well as ancillary relief, including obligations of custody and support.

*Thiessen* v. *Moore* (1922), 105 Ohio St., 401, 137 N. E. 906, held that a domestic relations court is "without power" to make decrees with reference to maintenance of minor children beyond majority. Accord *Miller* v. *Miller* (1951), 154 Ohio St. 530, 97 N. E. 2d 213; *Dase* v. *Dase* (1958), 78 Ohio Law Abs. 144, 152 N. E. 2d 20; *Kennedy* v. *Kennedy* (1959), 111 Ohio App. 432, 165 N. E. 2d 454, 12 O. O. 2d 201; *Beilstein* v. *Beilstein* (1945), 43 Ohio Law Abs. 10, 61 N. E. 2d 620, 31 O. O. 116. Notwithstanding the language of the court order, the obligor should not have to file a motion to reduce or modify a prior court order of support to achieve termination for a child who reaches age 18 before or after January 1, 1974. Such requirement would be a vain act in the face of the clear lack of jurisdiction in the court to make such orders.

*EFFECT WHERE APPROVED SEPARATION AGREEMENT.* Despite protestations of lack of power or jurisdiction to make orders beyond the limits permitted by the Legislature, a clear line of cases has evolved in the state of Ohio, granting to a domestic relations court the authority and responsibility to oversee and enforce obligations of support established by agreement between the parties, extending beyond the age of majority. The most frequent examples have been agreements calling for the provision of college education. See *Robrock* v. *Robrock*

(1958), 167 Ohio St. 479; 150 N. E. 2d 421, 5 O. O. 2d 165; *Sedam* v. *Sedam* (1948), 52 Ohio Law Abs. 141, 78 N. E. 2d 914.

The gist of these holdings is that the agreement, by being incorporated into the decree, is superseded by the judgment of the court, and the obligations imposed are not those imposed by contract, but are those imposed by the decree of the court. For violations of such court orders, made in the exercise of the court's equity jurisdiction, contempt proceedings will lie. *Holloway* v. *Holloway* (1935), 130 Ohio St. 214, 198 N. E. 579, 4 O. O. 156, 154 A. L. R. 439. It is not necessary to determine whether the provisions of such agreement are enforceable in another court. See dissenting opinion of Justice Zimmerman in *Robrock* v. *Robrock, supra.*

Having concluded that the court does have continuing jurisdiction to enforce approved and incorporated agreements of support beyond the age of majority, it remains to be determined whether such agreement, in a particular case, does so extend the obligation. Logic would appear to compel the conclusion that where the separation agreement provides for support "until majority", the parties intend the words to mean what the Legislature determines them to mean at any point in history. Ergo, effective January 1, 1974, a motion to terminate support as to an 18-year-old should be sustained. In the instant case, the use of a clear and unequivocal designation of age 21 impels a different conclusion. The court, having the power to enforce an order beyond age 18, should do so where the express intent of the parties contemplates such reality. For a further discussion of the implications and potentials of Senate Bill No. 1, see What Lawyers Should Know About the New Age of Majority, by Senator Stanley J. Aronoff, 44 Ohio Bar 1551 (Nov. 12, 1973). See, also, *Whitt* v. *Whitt* (1973), 490 S. W. 2d 159, construing the effect of a similar statute in Tennessee, and reaching a like conclusion based on the court's limited power, not construction of contract.

The motion is overruled, with exceptions to the defendant-father.

Defendant will pay the costs.