## 30472. McCLAIN v. McCLAIN.

UNDERCOFLER, Presiding Justice.

Herbert L. McClain and Virginia McClain were divorced in 1969. An agreement of the parties relative to custody, support and education of their children was incorporated into the judgment of the court. The

agreement provided for child support until each child reached 21 years of age, died, married, or became self-supporting. It provided also:

"As further child support, Herbert L. McClain agrees to provide a college education for each and every one of the four minor children. This education is to be on a plane equal to the educational opportunities offered at the University of Georgia, in Athens, Georgia." The parties were ordered to comply with the terms of the agreement and the judgment of the court.

In August, 1975, a contempt citation was issued against the father alleging that he had refused to pay the balance of $809.54 due for the college expenses of one of the children. After a hearing the trial court found the father in wilful contempt and ordered him to pay the arrearage. The appeal is from this judgment. *Held:*

1. The father contends that the child on whose behalf the contempt action is filed is over 21 years of age and that he is no longer responsible for her support and education.

"Until majority,, it is the duty of the father to provide for the maintenance, protection, and education of his child." Code § 74-105. "While there is an obligation to provide an education for the child, no means are provided to enforce this requirement beyond the terms of the compulsory attendance law found in Code Ann. § 32-2104. However, once a divorce decree is entered awarding custody of the child to the mother, the husband's obligation of support for the child can be made a requirement of the decree. *Brown v. Brown,* 132 Ga. 712, 715 (64 SE 1092). The trial court therefore has jurisdiction to include in the decree a provision for educational funds including expenses for attending a college during minority where the circumstances of the case warrant it. *Fitts v. Fitts,* 231 Ga. 528 (202 SE2d 414); *Bateman v. Bateman,* 224 Ga. 20 (159 SE2d 387); *Moody v. Moody,* 224 Ga. 13 (159 SE2d 387). However, any such obligation imposed by the decree terminates when the child reaches majority or marries. E.g., *Golden v. Golden,* 230 Ga. 867, 868 (199 SE2d 796)." *Jenkins v. Jenkins,* 233 Ga. 902 (2) (214 SE2d 368) (1975), which concerned a jury verdict awarding a college education for the child.

In the instant case we are not dealing with a jury verdict and the statutory duty of a father to maintain and educate his children. Here, we are dealing with a contract entered into between the parties, approved by the trial court, incorporated into the decree, and its obedience ordered.

There is a significant difference between an alimony decree rendered under the law and a contract settling alimony which is incorporated into the decree. *Laughridge v. Laughridge,* 219 Ga. 415 (133 SE2d 884) (1963). "Where parties separate and by contract, as here, settle the right of their minor children for support and maintenance and such contract is approved by the trial judge and made a part of a final divorce decree, the courts will enforce the contract as made by them." *Gray v. Gray,* 222 Ga. 641 (151 SE2d 774) (1966).

"A divorce court, if it is bound to abide by a valid separation agreement or property settlement, or if not so bound, desires to give effect to the agreement, has the power to incorporate it in the divorce decree or base the decree on its provisions, even though the court would not, in the absence of an agreement of the parties, have the power to make the decree that results from the incorporation of an agreement or the application of its provisions." 24 AmJur2d 1030, § 907.

The agreement of the parties which was incorporated in and made a part of the divorce decree is enforceable after the majority of each child.

2. Is the divorce decree in which the agreement of the parties was incorporated enforceable by contempt?

In *Newton v. Newton,* 222 Ga. 175 (149 SE2d 128) (1966) this court had before it an action for contempt which was based on an agreement between the parties to a divorce action. The agreement provided that the father pay for the tuitions, board and clothing of his child to complete her medical education. The agreement between the parties was never formally made a part of the divorce judgment and this court refused to enforce it by contempt. However, this court said (p. 176) that the rule was well established that, " 'Where, during the pendency of a divorce and alimony suit, the parties enter into a written contract whereby they settle alimony rights,

including support and maintenance for their minor children, and such contract is approved by the court and by agreement incorporated in and made a part of the final decree, it thus becomes and is an adjudication of that issue and enforceable as any other judgment or decree for alimony, including child support.' *Fambrough v. Cannon,* 221 Ga. 289 (1) (144 SE2d 335); *Estes v. Estes,* 192 Ga. 94, 96 (14 SE2d 681); *Wilson v. Chumney,* 214 Ga. 120 (1) (103 SE2d 552)."

It follows that the divorce decree incorporating the agreement of the parties therein is enforceable by citation for contempt. Code § 30-204.

Several other states have also held that such a decree is enforceable by contempt. In Istnick v. Istnick, 37 Ohio Misc. 91 (307 NE2d 922) (1973) it is said: "Despite protestations of lack of power or jurisdiction to make orders beyond the limits permitted by the Legislature, a clear line of cases has evolved in the State of Ohio, granting to a domestic relations court the authority and responsibility to oversee and enforce obligations of support established by agreement of the parties, extending beyond the age of majority. The most frequent examples have been agreements calling for the provision of college education. See Robrock v. Robrock (1958) 167 Ohio St. 479 (150 NE2d 421); Sedam v. Sedam (1948) 52 Ohio Law Abst. 141 (78 NE2d 914) (3). The gist of these holdings is that the agreement, by being incorporated into the decree, is superseded by the judgment of the court, and the obligations imposed are not those imposed by contract, but are those imposed by the decree of the court. For violations of such court orders, made in the exercise of the court's equity jurisdiction, contempt proceedings will lie. Holloway v. Holloway (1935) 130 Ohio St. 214 (198 NE 579, 40 O.O. 156, 154 ALR 439)."

In Ovaitt v. Ovaitt, 43 Mich. App. 628 (204 NW2d 753) (1972) it was held that a written stipulation, under which the husband obligated himself to pay post majority college expenses of his son and daughter, the terms of which were incorporated in the divorce decree, was valid and enforceable by way of contempt proceedings following the husband's refusal to pay the daughter's

college expenses after she became 21, where the parties knew that the terms were not subject to performance fully within the minority of the children and the agreement was made when the children were minors.

See also Randolph v. Howard, 16 Ariz. App. 118 (491 P2d 841) (1971); 1 ALR2d 912.

3. The father contends that the agreement for college expenses is too vague to be enforced. He argues that the nature of the college education is indefinite and a child could conceivably attend the university for an unlimited number of years and spend an unlimited amount of money.

The contract provides that the college education for each child is to be "on a plane equal to the educational opportunities offered at the University of Georgia in Athens, Georgia." The University of Georgia is a 4-year degree-granting college. We hold, therefore, that the parties to this contract intended to provide for four years of college education at such a school and that the cost of such college education was not to exceed the costs which would be incurred at a college on a "plane" with the University of Georgia. The contentions of the father are without merit.

4. The father contends that the agreement is too vague to be enforced because it does not provide in what manner nor to whom the educational expenses shall be paid.

In our opinion the fact that the contract does not specify the manner nor to whom the college expenses are to be paid does not render it too vague to be enforced. The trial court directed that the father pay the college expenses to the child involved in this proceeding. The child is now sui juris and we find no error.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs specially.*

SUBMITTED NOVEMBER 10, 1975 — DECIDED DECEMBER 2, 1975.

*Bobby G. Beazley,* for appellant.
*Hudson & Montgomery, Jim Hudson,* for appellee.

JORDAN, Justice, concurring specially.

While I concur in the result reached in the majority opinion, it is my opinion that *Futch v. Futch,* 224 Ga. 350 (161 SE2d 868) (1968), reaches a different result on similar facts and should be expressly overruled. We there held that even though an agreement was entered into between the parties, its provisions could not be enforced by contempt where the wife had remarried and the child whose custody had been awarded to her had reached the age of 21.

It is my further opinion that for an agreement such as this between the parties to be enforced by contempt it must contain specific and unambiguous language clearly setting forth the intention of the parties that the agreement is to extend beyond the legal and statutory duty of the party sought to be held in contempt.