NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# Arizona Court of Appeals
### Division One

In re the Matter of:

DOUGLAS ALAN TOTH, *Petitioner/Appellee*,

*v.*

KATHERINE MARIE BROWER, *Respondent/Appellant*.

No. 1 CA-CV 15-0122 FC
FILED 1-14-2016

Appeal from the Superior Court in Maricopa County
No.  FC2010-093878, FC2012-091934
(Consolidated)
The Honorable Bethany G. Hicks, Judge (Retired)

**AFFIRMED IN PART, REMANDED IN PART**

APPEARANCES

Douglas Alan Toth
*Petitioner/Appellee*

Katherine Marie Brower
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Margaret H. Downie and Judge John C. Gemmill joined.

---

**GOULD**, Judge:

¶1        Katherine Brower ("Mother") appeals from the family court's order concerning her petition to modify legal decision-making, parenting time, and child support.  For the following reasons, we affirm in part and remand in part.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        Mother and Douglas Toth ("Father") are the parents of a child born in 2002.  In 2012, Father filed a petition to establish legal decision-making and parenting time.  Following a trial, the family court issued an order establishing joint legal decision-making and appointing Mother as the primary residential parent.  The court established parenting time for Father one afternoon per week and every other weekend and ordered Father to pay child support of $256.28 per month.

¶3        In 2014, Mother filed a petition to modify legal decision-making, parenting time, and child support, requesting sole legal decision-making and termination of the child's overnight visits with Father.  Mother asserted that a change was warranted due to (1) Father's history of "domestic violence and verbal abuse," (2) Father's failure to abide by the "original court order regarding communication," and (3) Father's move from a one-bedroom apartment to a studio apartment.

¶4        Following a hearing on Mother's petition, the court issued its ruling affirming the parties' joint legal decision-making.  The court found "no reason to modify the current parenting time schedule" and,

---

[1]  Father did not file an answering appellate brief.  Although we could treat his failure to file an answering brief as a confession of error, in our discretion we choose to address the merits "because a child's best interests are involved." *See In re Marriage of Diezsi,* 201 Ariz. 524, 525, ¶ 2 (App. 2002).

accordingly, affirmed Father's parenting time schedule. The court's order, however, did not address child support.

¶5          Mother timely appealed from the order, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2)(West 2015).[2]

## DISCUSSION

### I.  Mother's Petition

####      A.      Legal Decision-Making and Parenting Time

¶6          The first issue Mother raises on appeal is whether the family court "properly recognized" her claim for modification of legal decision-making and parenting time. Mother argues the court failed to follow the applicable rules and statutes in deciding whether to make a modification. This court reviews the family court's decisions regarding legal decision-making and parenting time for an abuse of discretion. *See Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7 (App. 2003).

¶7          In considering Mother's petition, the family court had to determine whether a change in legal decision-making or parenting time was in the child's best interests by applying the factors set forth in A.R.S. § 25–403(A). In addition, the court was required to make "specific findings on the record about all relevant factors and the reasons for which the decision [was] in the best interests of the child." A.R.S. § 25–403(B).

¶8          The family court considered all the factors set forth in § 25-403(A) and made written findings regarding the relevant factors. The court found that the child had a "bonded relationship" with both parents. The court also found that the child "enjoys his time with Father" and is satisfied with the current parenting time order. In weighing the testimony of the witnesses, the family court noted that Father was "sincere and credible" while Mother had "drummed up every conceivable claim against Father in an effort to limit his parenting time." We defer to the family court's findings. *See Vincent v. Nelson*, 238 Ariz. 150, ¶ 18 (App. 2015) ("[T]he family court is in the best position to judge the credibility of witnesses and resolve

---

[2] Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

conflicting evidence, and appellate courts generally defer to the findings of the family court.").

**¶9**  We find no abuse of discretion in the family court's decision and affirm its orders regarding legal decision-making and parenting time.

### B. Domestic Violence

**¶10**  Mother argues the family court did not consider Father's history of domestic violence. Specifically, Mother claims the court never addressed the protective orders issued against Father for harassing and stalking her. We disagree.

**¶11**  Arizona law creates a rebuttable presumption that sole or joint legal decision-making by a parent who has committed domestic violence is contrary to the child's best interests. *See* A.R.S. § 25–403.03(D). Here, the court's ruling addressed the issue of domestic violence as follows:

> There are multiple Orders of Protection/Injunctions Against Harassment. This Court does not approve of any domestic violence; however, the Court does not believe that Mother is afraid of Father or is a victim.

**¶12**  Although the court's written findings regarding domestic violence are limited, the findings do indicate that the court considered the application of § 25-403.03. Moreover, this court will "infer additional findings of fact and conclusions of law sufficient to sustain the [family] court's order as long as those findings are reasonably supported by the evidence, and not in conflict with any express findings." *Johnson v. Elson*, 192 Ariz. 486, 489, ¶ 11 (App. 1998).

**¶13**  We are also mindful that in weighing the parties' history of domestic violence, the family court did not find Mother to be a credible witness. In addition, Mother failed to provide this court with a transcript of the evidentiary hearing on her petition. *See* ARCAP 11(c) (providing that the duty to order and include the transcript in the record rests with the appellant). In the absence of a transcript, we assume that the testimony presented at the hearing supports the family court's ruling and sufficient evidence was offered to overcome the presumption established by § 25-403.03. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) ("When a party fails to include necessary items [in the record on appeal], we assume they would support the court's findings and conclusions.").

¶14            Accordingly, we conclude that the family court considered the issue of domestic violence and, based on the record before us, did not abuse its discretion in affirming the award of joint legal decision-making.

### C.      Child Support

¶15            The next issue Mother raises is whether the family court "calculated child support correctly" according to the Arizona Supreme Court's Guidelines.  Mother argues that child support should be increased "due to a change in [Father's] income."  The record reflects that Father's income had increased by approximately $650 per month since the court originally calculated child support.[3]

¶16            Although Mother's petition requested an upward modification in child support, the family court did not address child support in its ruling.  We therefore remand the unresolved issue of child support to the family court. *See Miller v. Bd. of Supervisors of Pinal Cty.*, 175 Ariz. 296, 300 (1993) ("Where possible, when a trial court in a non-jury case fails to make or makes insufficient findings of fact and conclusions of law, a reviewing court should remand the case to the trial court for further findings.").

¶17            We also note that the Family Court Conference Center performed an arrearage calculation in this case and determined that Father owed a small amount of child support arrears.[4]  As a result, the issue of arrearages, if any, is also remanded to the family court.

## II.  Other Matters

### A.      Change of Judge

¶18            Mother further argues that her "right to a . . . change of judge was violated."  Mother twice requested a change of judge.  Both times, the

---

[3] Father's Affidavit of Financial Information dated August 21, 2014, reflects gross monthly income of $3810.  The court's original support order was based on Father's gross income of $3163 per month.

[4] Because Mother's petition sought "back child support," the court referred the matter to the Family Court Conference Center for an arrearage calculation.  The Center calculated the child support arrears and determined Father owed $35.00 in principal and $10.70 in interest.

court denied her request for failure to comply with the applicable statutes and rules.

**¶19** An order denying a request for change of judge is not appealable and must be reviewed by special action. *See Taliaferro v. Taliaferro*, 186 Ariz. 221, 223 (1996). Accordingly, we lack appellate jurisdiction to review the court's orders denying Mother's request for change of judge.

### B. Allegations of Child Molestation

**¶20** Citing A.R.S. § 25-403.05, Mother further argues Father should have notified her that he was investigated for child molestation. The notice requirement of § 25-403.05(B) applies if a person has been convicted of a dangerous crime against children. *See* A.R.S. § 25-403.05(B). There is no evidence in the record Father was convicted. Accordingly, on this record, Mother had no statutory right to notification.

### C. Insurance Information

**¶21** Mother also argues Father initially "withheld information that dealt with the insurance" in violation of A.R.S. § 25-403.06. Neither Mother's petition nor her pretrial statement raised this issue. Therefore, we will not consider this issue on appeal. *See Randolph v. Howard*, 16 Ariz. App. 118, 120 (1971) ("We do not find where this issue was raised in the trial court and we would be entirely justified in not considering it on appeal.").

### D.     Attorneys' Fees

**¶22**          Finally, Mother argues she requested attorneys' fees "numerous times" pursuant to A.R.S. § 25-324.  The record reflects, however, that Mother's attorney withdrew from the case before Mother filed her petition.  Because she filed her petition pro per, Mother has no claim for attorney fees. *See Connor v. Cal-Az Props, Inc.*, 137 Ariz. 53, 56 (App. 1983) ("[T]he presence of an attorney-client relationship is a prerequisite to the recovery of attorneys' fees").

### CONCLUSION

**¶23**          For the foregoing reasons, we affirm the family court's rulings regarding legal decision-making and parenting time.  However, we remand the unresolved issue of child support and arrearages to the family court.



Ruth A. Willingham · Clerk of the Court
FILED: ama