NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JOAN K. YAZBECK, *Petitioner/Appellee/Cross-Appellant*,

*v.*

STEVEN J. YAZBECK, *Respondent/Appellant/Cross-Appellee*.

No. 1 CA-CV 17-0676 FC
FILED 12-27-18

Appeal from the Superior Court in Maricopa County
No. FC2014-093632
The Honorable Lisa Andrus, Judge *Pro Tempore*

**AFFIRMED IN PART; REMANDED**

COUNSEL

Cavanagh Law Firm, Phoenix
By Christina S. Hamilton
*Counsel for Petitioner/Appellee/Cross-Appellant*

Berkshire Law Office P.L.L.C., Tempe
By Kristi A. Reardon, Erica Gadberry, Keith Berkshire
*Counsel for Respondent/Appellant/Cross-Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Vice Chief Judge Peter B. Swann and Judge David D. Weinzweig joined.

_____

**J O N E S**, Judge:

**¶1**         Steven Yazbeck (Father) appeals from the family court's order modifying his child support obligation, arguing the court erred in its decision to deviate from the Arizona Child Support Guidelines, Arizona Revised Statutes (A.R.S.) § 25-320 app. (Guidelines).[1]   Joan Yazbeck (Mother) cross-appeals from the same order, arguing Father did not demonstrate a substantial and continuing change of circumstances to modify the child support obligation.  For the following reasons, we affirm the court's finding of a substantial and continuing change of circumstances warranting modification but hold the court erred by presuming an upward deviation was appropriate and then imposing an award using a formula not supported by sufficient evidence.  Accordingly, we remand for the court to reconsider the amount Father should pay in child support.

**FACTS AND PROCEDURAL HISTORY**

**¶2**         Mother and Father are divorced parents of one teenage child. Pursuant to a 2014 consent decree and property settlement agreement, Father paid spousal maintenance of $6,000 per month from September 1, 2014 through December 31, 2014, and child support of $5,000 per month beginning January 1, 2015.  The parties agreed that, as of January 1, 2015, the "support" payment would be "in the form of child support" and Father would pay this amount until the child graduated from high school.  The decree specifically stated the $5,000 child support order was a deviation from the Guidelines support amount of $1,167.08.

**¶3**         In March 2017, Father petitioned to modify the child support order, alleging his income had decreased and Mother's income had increased since the previous order.  Mother argued the support order was

_____

[1]     Absent material changes from the relevant date, we cite a statute's current version.

non-modifiable and disagreed that Father's income had decreased from the amount stated in the 2014 child support worksheet.

¶4 At a pre-hearing conference, the parties stipulated that: (1) the child resides primarily with Mother, (2) Father's income is $20,492 per month, (3) Mother's income is $5,726.75 per month, and (4) there are no child care or extraordinary expenses. Both parties testified, and Father presented tax returns and a pay stub as evidence of his income.

¶5 The family court found a decrease in Father's income constituted a substantial and continuing change of circumstances warranting modification. As in the original decree, the court deviated from the Guidelines amount but reduced Father's obligation to $3,900 per month. The court explained that the reduction was directly proportionate to the twenty-two percent decrease it found in Father's income. Father moved to amend, arguing the order was contrary to law, and the evidence presented did not support a deviation. Mother argued the deviation remained appropriate for the same reasons it had been appropriate in 2014. The court denied Father's motion to amend, finding the deviation was in the child's best interests and appropriate. The court noted it had considered the $5,000 deviation agreed to by the parties in 2014 when determining whether the deviation was appropriate. Father timely appealed, and Mother timely cross-appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(2).

## DISCUSSION

¶6 "We review the [family] court's ruling on a petition for modification of child support for an abuse of discretion." *See Milinovich v. Womack*, 236 Ariz. 612, 615, ¶ 7 (App. 2015). An abuse of discretion exists when the court commits an error of law or the evidence does not support the court's decision. *See Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999); *Birnstihl v. Birnstihl*, 243 Ariz. 588, 590, ¶ 8 (App. 2018).

## I. A Substantial and Continuing Change of Circumstances Justifies Modification of the Support Order.

¶7 Mother contends the family court erred in modifying the child support order because the consent decree rendered the support order non-modifiable. In doing so, Mother relies on language that Father would pay support of $5,000 per month until the child graduated from high school.

¶8 Parties may agree that spousal maintenance provisions are non-modifiable, *see* A.R.S. §§ 25-317(A), (G); -319(C), but child support

orders are subject to modification pursuant to A.R.S. §§ 25-327(A) and -503(E). In determining child support, the family court is not bound by an agreement and may consider any subsequent change of circumstances, regardless of the label the parties attach. *See* A.R.S. § 25-317(F); Guidelines § 24(A); *Randolph v. Howard,* 16 Ariz. App. 118, 120 (1971) ("The child support provisions of a property settlement agreement incorporated into a decree are subject to modification by the court.").

**¶9**  Here, Mother argues the family court erred in finding a change of circumstances based upon Father's income. However, we need not address this issue because the record shows Mother's income increased from $3,250 in 2014 to $5,726.75 in 2017. Mother's income change alone constitutes a substantial and continuing change of circumstances, as Father alleged in his petition to modify. Thus, the record supports a finding of substantial and continuing change of circumstances. *See Linder v. Brown & Herrick,* 189 Ariz. 398, 402 (App. 1997) (noting an appellate court may affirm for reasons other than those relied upon by the family court) (citing *Earthworks Contracting Ltd. v. Mendel-Allison Constr. of Cal., Inc.*, 167 Ariz. 102, 109 (App. 1990)).

## II. The Family Court Must Reconsider the Amount of Child Support.

**¶10**  Father argues the family court erred in applying a presumptive deviation from the Guidelines based upon the deviation in the previous support order. Mother contends the court did not presumptively apply the deviation, but found it was warranted after considering the appropriate factors.

**¶11**  "[O]nce a court finds there has been a significant and continuing change in circumstances from a previous child support order [that deviated from the Guidelines], the court must review the parties' situation anew; no presumption [of a deviation] from a previous order exists." *See Nia v. Nia*, 242 Ariz. 419, 425, ¶ 25 (App. 2017); *see also Amadore v. Lifgren*, 802 Ariz. Adv. Rep. 10, ¶ 16 (App. 2018). Thus, to justify a continued upward deviation, the court must find anew that application of the Guidelines is inappropriate or unjust, and then consider the best interests of the child in determining the appropriate deviation. *See* Guidelines § 20(A). Moreover, the party seeking a deviation bears the burden of proving a higher amount is in the child's best interests. *Nia,* 242 Ariz. at 426, ¶ 28.

**¶12**  Here, the family court *began* its analysis at the previously ordered $5,000 child support amount and explained, from there, why it was

reducing that amount proportionate to the purported reduction in Father's income. This was error. *See Nia,* 242 Ariz. at 425, ¶ 25. The court must find evidence, other than a prior upward deviation, to support a subsequent decision to award a specific amount that does not comport with the Guidelines. By presuming the upward deviation, the court relieved Mother from the burden of proving the deviation was warranted. Additionally, the court stated that "[a] balance must be struck between the reasonable needs of the child and the parent's ability to pay." Although this factor was relevant, given the parties' combined high income, *see Nash v. Nash,* 232 Ariz. 473, 479, ¶ 23 (App. 2013) (holding the court may consider "the reasonable benefits, beyond [the] 'basic needs,' accorded to the child[] during the marriage"), the parties presented no evidence regarding the child's reasonable needs or previous lifestyle. Additionally, although the evidence showed the child spent significantly more time with Mother and Mother paid for more of the child's regular living expenses, the court heard no evidence of the amount of those expenses. *See* A.R.S. § 25-320(D)(8) (directing the court to consider the duration of parenting time and related expenses in determining an appropriate child support amount).

**¶13** The child support order is remanded for reconsideration. On remand the family court should consider anew whether Mother's claim for an upward deviation is appropriate based upon the relevant factors identified in A.R.S. § 25-320(D) and thereafter make the findings required by Guidelines § 20.[2]

**CONCLUSION**

**¶14** We affirm the finding that there were changed circumstances supporting Father's petition to modify. We remand for reconsideration of the child support order consistent with this decision. We leave to the family court whether additional evidence or argument is necessary.

---

[2] Because this case is remanded, Mother's claim that the court erred in denying her motion to vacate the conference and set a hearing is moot. We likewise disregard Mother's arguments upon cross-appeal that Father failed to establish his current income, as this will be reconsidered on remand.

¶15 Both parties request an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324. As the prevailing party, Father is awarded his costs incurred on appeal upon compliance with ARCAP 21(b). In our discretion, we decline to award attorneys' fees to either party.



AMY M. WOOD • Clerk of the Court
FILED:    JT